1  RUSSELL P. BROWN (SBN: 84505)
   JAMES F. KUHNE, JR. (SBN: 251150)
2  GORDON REES SCULLY MANSUKHANI LLP
   101 W. Broadway, Suite 2000
3  San Diego, CA 92101
   Telephone: (619) 696-6700
4  Facsimile: (619) 696-7124

5  Attorneys for Plaintiffs
   TRUTH AQUATICS, INC. AND
6  GLEN RICHARD FRITZLER AND DANA
   JEANNE FRITZLER, INDIVIDUALLY AND AS
7  TRUSTEES OF THE FRITZLER FAMILY TRUST
   DTD 7/27/92
8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

| In the Matter of the Complaint of Truth Aquatics, Inc. and Glen Richard Fritzler and Dana Jeanne Fritzler, individually and as Trustees of the Fritzler Family Trust DTD 7/27/92 as owners and/or owners pro hac vice of the dive vessel CONCEPTION, Official Number 638133, for Exoneration from or Limitation of Liability | CASE NO. 2:19-cv-07693 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR:** 1. **APPROVAL OF STIPULATION FOR VALUE AND COSTS** 2. **ORDER RESTRAINING ALL SUITS AND DIRECTING MONITION TO ISSUE** 3. **ORDER DIRECTING EXECUTION OF MONITION AND PUBLICATION OF NOTICE** |
|---|---|

-1-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is an action by Plaintiffs TRUTH AQUATICS, INC. AND GLEN RICHARD FRITZLER AND DANA JEANNE FRITZLER, INDIVIDUALLY AND AS TRUSTEES OF THE FRITZLER FAMILY TRUST DTD 7/27/92 (hereinafter "PLAINTIFFS"), as owners and/or owners *pro hac vice* of the dive vessel CONCEPTION, Official Number 638133 (hereinafter "CONCEPTION"), for exoneration from, or limitation of, vessel owner's liability pursuant to 46 U.S.C. §30501 *et seq*. Section 30505(a) provides that "the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight." 46 U.S.C. §30505(a). Subsection (b) provides that "claims, debts, and liabilities subject to limitation under subsection (a) are those arising from . . . any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. §30505(b).

The procedural requirements of a limitation action have been codified in the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules"). In particular, the Court's attention is called to Supplemental Rules F(1) through F(9).

Pursuant to the Supplemental Rules, concurrently with the filing of the Complaint, PLAINTIFFS lodged with the Court five additional documents entitled:

1. Stipulation for Value and Costs;
2. Order Restraining All Suits and Monition to Issue;
3. Order Directing Execution of Monition and Publication of Notice;

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1  4. *Ex Parte* Application for Approval of Stipulation of Value and Costs, Order
2    Directing Monition to Issue and Restraining All Suits and Order Directing
3    Execution of Monition and Publication of Notice; and
4  5. Notice of Complaint for Exoneration from or Limitation of Liability.

  From the outset, it should be noted that the above-referenced documents are designed to comply with and effectuate the procedural requirements of Supplemental Rules F(1) through (4). Those rules, together with the lodged documents, are designed to ensure that all potential claimants <u>are brought into this proceeding</u>. Any claimant will have an opportunity to contest the sufficiency of these documents upon application to the Court. <u>Accordingly, there are no defendants at this time</u>. Upon the filing of a claim or claims in response to those documents, and/or an answer or answers to PLAINTIFFS' Complaint, the claimants will become, in effect, the defendants and this action will proceed.

## II. ARGUMENT

### A. This Court has Exclusive Jurisdiction over PLAINTIFFS' Complaint for Limitation.

  The Limitation of Liability Act, 46 U.S.C. §30501 *et seq*., creates a system whereby the liability of the owner of a vessel is limited to the value of the owner's interest in the vessel. Limitation of liability proceedings are governed by the Federal Rules of Civil Procedure generally and by Rule F of the Supplemental Rules specifically. Staring, Graydon S., <u>Limitation Practice and Procedure</u>, 53 Tul. L. Rev. 1134, 1137-38 (June 1979). While Supplemental Rule F addresses many of the distinctive features of a limitation proceeding, "the limitation procedure can be said to be founded almost entirely upon jurisprudence and practice." <u>Id</u>. at 1137. A limitation proceeding is admittedly "unusual" and "unique," but is an integral part of admiralty law. Limitation of vessel owner liability dates back to medieval sea codes, and the concept of limitation of liability is found in the law of virtually

-3-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

every nation. Schoenbaum, Thomas J., Admiralty and Maritime Law, §14-1, at 480-81 (1987).  In 1851 Congress laid the foundation for the present system of limitation of liability by enacting the Limitation of Shipowners' Liability Act, however the origins of limitation of liability can be traced much further back to English admiralty law during the 1700's. Id. at 480 -81.

When the Admiralty Rules merged with the Federal Rules of Civil Procedure in 1966, the terminology used to refer to the parties in actions under the Limitation of Liability Act changed. 3 Benedict on Admiralty, §1, at 1-3 - 1-4 (7th ed. 1975).  Before the merger, those seeking to limit their liability filed "petitions" to limit liability and were referred to as "petitioners." Id. Those seeking to limit their liability now file "complaints" and are referred to as a "complainants" or "plaintiffs-in-limitation." Id. However, the parties in a limitation action should not be confused with those in a traditional plaintiff-defendant scenario. Id. While the nature and terminology of an admiralty law limitation of liability action are unique, the Federal Rules of Civil Procedure nonetheless apply in the same manner as in an action at law.

Only a U.S. District Court can adjudicate the issue of a vessel owner's right to limitation of liability. Ex Parte Green, 286 U.S. 437, 439-440 (1932) ("It is clear from our opinion that the state court has no jurisdiction to determine the question of the owners' right to a limited liability").  See also, Anderson v. Nadon, 360 F.2d 53 (9th Cir. 1966). Therefore, this Court has exclusive jurisdiction over Plaintiffs' Complaint for limitation.

**B.    The Stipulation for Value and Costs Should Be Approved**.

Supplemental Rule F(1)(a) provides, in pertinent part: "The owner [ ] shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight... The [owner] shall also give security for costs." Supplemental Rule F(1)(a).

-4-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

The phrase "Stipulation for Value" is a traditional term used in maritime limitation of liability actions. The word "stipulation" does not connote a final decision on the value of the vessel, nor is it a stipulation between the parties as to the value of the vessel. It is only a preliminary determination as to the vessel's value, based solely on the Plaintiffs' good faith estimate and the allegations of the Complaint. Upon filing a claim, any claimant may contest the sufficiency of the "limitation fund" as set forth in Supplemental Rule F(7):

> Any claimant may by motion demand that the funds deposited in court or the security given by the [vessel owner] be increased on the ground that they are less than the value of the [owner's] interest in the vessel and pending freight. Thereupon the court shall cause due appraisement to be made of the value of the [owner's] interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction.

Supplemental Rule F(7).

As alleged in the Complaint, a fire started on the CONCEPTION on September 2, 2019, off the coast of Santa Cruz Island that resulted in the vessel becoming a total loss such that she has no residual value. As such, the value of the vessel for purposes of the Stipulation for Value is zero. Plaintiffs have agreed to pay the sum of $1,000 pursuant to admiralty local rule F.1(83-F.1) as Security for Costs upon order of the Court. This is the first procedural step in a limitation action and a condition precedent to the issuance of the monition and restraining order.

**C.     The Restraining Order and Motion Should Issue.**

The document entitled "Order Restraining All Suits and Directing Monition

-5-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

1 to Issue" is designed to comply with and effectuate the procedural requirements of
2 Supplemental Rules F(3) and (4), and is the second procedural step in a limitation
3 action.
4    First, in regard to the restraining order, the Court's attention is directed to
5 Supplemental Rule F(3):

> Upon compliance by the owner with the requirements of
> subdivision (1) of this rule all claims and proceedings
> against the owner or the owner's property with respect to
> the matter in question <u>shall</u> cease. On application of the
> [vessel owner] the court shall enjoin the further
> prosecution of any action or proceeding against the
> [vessel owner] or the [vessel owner's] property with
> respect to any claim subject to limitation in the action.

Supplemental Rule F(3) (emphasis added).  Thus, although the restraining order
may later be lifted, or modified, in the first instance it must be granted.  Moreover,
despite the extraordinary appearance of this request, PLAINTIFFS are merely
seeking, procedurally, that to which they are entitled to under Supplemental Rule
F(3). <u>See</u> 3 <u>Benedict on Admiralty: Limitation of Liability</u> §81 ("The Injunction").

   Second, in regard to the monition, the Court's attention is directed to
Supplemental Rule F(4):

> Upon the owner's compliance with subdivision (1) of this
> rule the court <u>shall</u> issue a notice to all persons asserting
> claims with respect to which the complaint seeks
> limitation, <u>admonishing them to file their respective
> claims with the clerk of the court and to serve on the
> attorneys for the [vessel owner] a copy thereof on or
> before a date to be named in the notice.</u>

1 Supplemental Rule F(4) (emphasis added). Simply put, the monition is a
2 mandatory order admonishing all claimants to present their claims in this action
3 and/or to answer the Complaint on or before a certain date. 3 <u>Benedict on</u>
4 <u>Admiralty: Limitation of Liability</u> §80 at p.8-111 ("The Monition"). The remaining
5 two documents, discussed in the next section, are the means by which the Court
6 gives formal notice to the world that this limitation proceeding has commenced
7 and that all claims subject to limitation must be made herein.

        **D.    Public Notice of this Action and the Court's Monition Should be Ordered.**

10       The documents entitled "Order Directing Execution of Monition and
11 Publication of Notice" and "Notice of Complaint for Exoneration from or
12 Limitation of Liability," are the final step in effectuating the procedural
13 requirements of Supplemental Rules F(3) and (4). In particular, the Court's
14 attention is called to Supplemental Rule F(4) which provides, in pertinent part, as
15 follows:

> Upon the owner's compliance with subdivision (1) of this
> rule the court shall issue a notice to all persons asserting
> claims with respect to which the complaint seeks
> limitation... The notice shall be published in such
> newspaper or newspapers as the court may direct once a
> week for four successive weeks prior to the date fixed for
> the filing of claims.

23 Supplemental Rule F(4).
24       The document entitled "Order Directing Execution of Monition and
25 Publication of Notice" is an Order by the Court designed to execute and give
26 notice of the monition in accordance with the foregoing provisions. The proposed
27 Order directs the PLAINTIFFS to publish notice of this action and the Court's

*Gordon Rees Scully Mansukhani, LLP*
101 W. Broadway, Suite 2000
San Diego, CA 92101

-7-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

1 monition in the form of the document entitled "Notice of Complaint for
2 Exoneration from or Limitation of Liability." That document complies with the
3 requirements of Rule F(4) and is similar to documents set forth in Benedict. See 3
4 Benedict on Admiralty: Limitation of Liability §80 at p.8-113 through 8-115
5 ("Form Nos. 80-2 and 80-3").

6 Procedurally, the PLAINTIFFS will be presented with the Order and a copy
7 of the Notice. The PLAINTIFFS can then publish the Notice as directed by the
8 Court. Until these documents have been executed by the Court, PLAINTIFFS
9 have no authority to present the Notice for publication.

## III. CONCLUSION

Simultaneously with the filing of the Complaint over which this Court has exclusive jurisdiction, PLAINTIFFS lodged with the Court five additional documents, each designed to fulfill the procedural requirements of a limitation action as set forth in Rules F(1) through (9) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. Each document complies with requirements of the corresponding rule and is similar to the forms traditionally used in such proceedings as set forth in the leading admiralty treatise, Benedict on Admiralty.

Thus, it is respectfully requested that the Court issue the requested Orders.

Dated: September 5, 2019

GORDON REES SCULLY MANSUKHANI LLP

By: /s/ Russell P. Brown
Russell P. Brown
James F. Kuhne, Jr.
Attorneys for Plaintiffs
TRUTH AQUATICS, INC. AND GLEN RICHARD FRITZLER AND DANA JEANNE FRITZLER, INDIVIDUALLY AND AS TRUSTEES OF THE FRITZLER FAMILY TRUST DTD 7/27/92

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION