RUSSELL P. BROWN (SBN: 84505)
JAMES F. KUHNE, JR. (SBN: 251150)
GORDON REES SCULLY MANSUKHANI LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Plaintiffs
TRUTH AQUATICS, INC. AND
GLEN RICHARD FRITZLER AND DANA
JEANNE FRITZLER, INDIVIDUALLY AND AS
TRUSTEES OF THE FRITZLER FAMILY TRUST
DTD 7/27/92

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Complaint of Truth Aquatics, Inc. and Glen Richard Fritzler and Dana Jeanne Fritzler, individually and as Trustees of the Fritzler Family Trust DTD 7/27/92 as owners and/or owners pro hac vice of the dive vessel CONCEPTION, Official Number 638133, for Exoneration from or Limitation of Liability | CASE NO. 2:19-cv-07693<br><br>**FIRST AMENDED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

COME NOW Plaintiffs TRUTH AQUATICS, INC. and GLEN RICHARD FRITZLER and DANA JEANNE FRITZLER, INDIVIDUALLY AND AS TRUSTEES OF THE FRITZLER FAMILY TRUST DTD 7/27/92, as owners and/or owners *pro hac vice* of the dive vessel CONCEPTION, Official Number 638133, ("Plaintiffs") in this admiralty action, alleging as follows:

1. This is an action for exoneration from or limitation of liability as provided by 46 U.S.C. § 30501 *et seq.* and is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F, Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of

-1-
FIRST AMENDED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Civil Procedure.

2. Plaintiff Truth Aquatics, Inc. is, and at all times relevant to this action was, a business entity doing business within Santa Barbara County, in the State of California, and was the alleged owner or owner *pro hac vice* of the CONCEPTION.

3. Plaintiffs Glen Richard Fritzler and Dana Jeanne Fritzler, individually and as Trustees of the Fritzler Family Trust DTD 7/27/92 ("Fritzler") were, at all times relevant to this action, individuals residing within Santa Barbara County, in the State of California, and are or are alleged to be the legal and equitable owner of the CONCEPTION, Official Number 638133, a 75 foot, wooden hulled, 97 Gross Registered Tons, dive vessel ("CONCEPTION"), which was at all times relevant to this action located within the jurisdictional waters of Santa Barbara or Ventura County in the State of California. As alleged below the wreck and/or wreckage of the CONCEPTION is located in either Ventura and/or Santa Barbara County.

4. Plaintiffs are informed and believe and thereon allege that thirty-three passengers ("Passengers") and six crewmembers ("Crewmembers") were on board the CONCEPTION at the time of the Fire on September 2, 2019, and at all times relevant to this action, and were injured or died as a result of the below-described Fire on the CONCEPTION and are potential claimants in this action.

5. Plaintiffs are informed and believe and thereon allege that no Passengers or Crewmembers have filed suit in for alleged personal injuries, property loss, death, damages and/or losses arising out of the below-described Fire on the CONCEPTION on September 2, 2019.

6. Plaintiffs are unaware of the true names and identities of fictitiously-named DOES 1 through 20, inclusive, and therefore sue them under such fictitious names.

7. There are no known liens or mortgages on the CONCEPTION, nor is

-2-
FIRST AMENDED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

there any pending freight or hire.

8. Following the Fire on the CONCEPTION, only the wreck and wreckage of the CONCEPTION remains, which are presently located off the coast of Santa Cruz Island.

9. On information and belief, the wreck and wreckage of the CONCEPTION is believed to have zero residual value and the CONCEPTION is a total loss due to the Fire and therefore is believed to have zero residual value as a result of the Fire.

10. At all relevant times, Plaintiffs used reasonable care to make the CONCEPTION seaworthy, and she was, at all relevant times, tight, staunch, and strong, fully and properly manned, equipped and supplied and in all respects seaworthy and fit for the service in which she was engaged.

11. On information and belief, on August 31, 2019, CONCEPTION's voyage commenced in Santa Barbara, California with 33 Passengers and six Crewmembers on board for a three-day dive trip on the navigable waters off the coast of California in the area of the Channel Islands. The CONCEPTION, prior to and at the inception of the voyage, was tight, staunch and seaworthy and fit for the intended trip. The CONCEPTION was not under charter, had no cargo aboard and thus earned no freight or hire for the voyage within the meaning of Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501 *et seq*.

12. On information and belief, at approximately 3:15 AM on the morning of September 2, 2019, while the CONCEPTION was anchored on the navigable waters of the Pacific Ocean off Santa Cruz Island, a fire of unknown cause and origin broke out on board the vessel ("Fire"). The Fire on the CONCEPTION allegedly resulted in the death of all the Passengers and one Crewmember and forced the remaining Crewmembers to abandon the vessel.

-3-
FIRST AMENDED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

13. Plaintiffs are informed and believe and thereon allege that no Passengers or Crewmembers have filed suit against Plaintiffs.

14. On information and belief, one or more of the Passengers and/or Crewmembers have submitted notice that they may assert claims and/or bring a suit for alleged injuries and/or property damages and/or death arising from the Fire.

15. The Fire and all consequential alleged injuries, damages and deaths occurred without the privity or knowledge on the part of Plaintiffs, and was not caused or contributed to by any negligence, fault or knowledge on the part of Plaintiffs, or anyone for whom Plaintiffs may be responsible, at or prior to the commencement of the above-described voyage.

16. Plaintiffs desire to invoke the benefits of exoneration from or limitation of liability as provided by 46 U.S.C. § 30501 *et seq.,* and in the same proceeding Plaintiffs desire to contest their liability and the liability of the CONCEPTION for any alleged loss or damages arising out of the aforesaid Fire.

17. Since the vessel is believed to have no value at the conclusion of the voyage, Plaintiffs are not required to post security in the amount of the owners' interest in the vessel and pending freight as required by Rule F(1) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

18. Plaintiffs will provide security for costs in accordance with Local Admiralty Rules, Rule F.1.(83-F.1.) in an amount of $1,000, if the Court so orders.

19. Not more than six months has elapsed between Plaintiffs' receipt of notice of any claim or suit arising out of the aforementioned Fire and the filing of this action for exoneration from or limitation of liability.

WHEREFORE, Plaintiffs pray as follows:

1. That the Court enter an order directing the issuance of a monition to all person asserting claims against Plaintiffs and/or the "CONCEPTION" with

-4-
FIRST AMENDED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

1  respect to the Fire and for which this Complaint seeks exoneration from, or
2  limitation of, liability, admonishing them to file their respective claims with the
3  Clerk of this Court, to serve a copy thereof on the attorneys for Plaintiffs, and to
4  appear and answer the allegations of this Complaint, on or before a date to be fixed
5  by the Court in the notice;

6        2.      That the Court enter an order directing the execution of the monition
7  and publication of notice thereof in such newspapers as the Court may direct, once
8  a week for four (4) consecutive weeks prior to the date fixed by the Court for the
9  filing of such claims, all as provided for in the law and Rule F(4) of the Federal
10 Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime
11 Claims;

12       3.      That the Court, upon issuance of the monitions, enter an order
13 restraining the prosecution of any and all suits against Plaintiffs and/or the
14 "CONCEPTION", which may have been already commenced by any person or
15 entity to recover damages as a result of the Fire on or about September 2, 2019,
16 and for which this Complaint seeks exoneration from, or limitation of, liability, and
17 restraining the commencement and prosecution of any additional or unknown
18 lawsuits, whether new or old, or any legal proceedings, against Plaintiffs and/or the
19 "CONCEPTION", with respect to any claims arising from the Fire, and for which
20 this Complaint seeks exoneration from, or limitation of, liability;

21       4.      That the Court permit Plaintiffs to contest their liability, if any, for all
22 injuries and/or damages and/or deaths arising out of the Fire of September 2, 2019,
23 and for which this Complaint seeks exoneration from, or limitation of, liability, and
24 that this Court, in this proceeding, adjudge that Plaintiffs and the
25 "CONCEPTION", are to be completely exonerated from liability arising out of the
26 Fire of September 2, 2019, and for which this Complaint seeks exoneration from,
27 or limitation of, liability, and that no liability exists on the part of Plaintiffs and

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

1 "CONCEPTION" for any injuries or damages or deaths resulting from the Fire of September 2, 2019, and for which this Complaint seeks exoneration from, or limitation of, liability;

5. In the event it is found by this Court that liability exists on the part of Plaintiffs or the "CONCEPTION", by reason of the injuries and damages and deaths, the Court adjudge that such liability shall in no case exceed the amount of value of Plaintiffs' interest in the "CONCEPTION", if any, as the same existed immediately following the Fire, and that a decree be made discharging Plaintiffs from any further liability beyond that amount; and

6. That Plaintiffs receive such other and further relief as this Court may deem just and proper under the circumstances.

Dated: September 5, 2019

GORDON REES SCULLY MANSUKHANI LLP


By: /s/ Russell P. Brown
Russell P. Brown
James F. Kuhne, Jr.
Attorney for Plaintiffs
TRUTH AQUATICS, INC., AND GLEN RICHARD FRITZLER AND DANA JEANNE FRITZLER, INDIVIDUALLY AND AS TRUSTEES OF THE FRITZLER FAMILY TRUST DTD 7/27/92

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

6000804/47226728v.1