JOHN R. HILLSMAN    (S.B.N. 71220)
jrhillsman@mhpsf.com
DEREK B. JACOBSON (S.B.N. 88417)
dbjacobson@mhpsf.com
ABRAHAM F. HILLSMAN (S.B.N 241810)
bfh@mhpsf.com
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA  94133
Telephone:  (415) 421-9292
Facsimile:   (415) 403-0202

Attorneys for CHRISTINE DIGNAM
Personal Representative of the Estate of
JUSTIN CARROLL DIGNAM
Claimant/Respondent

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IN ADMIRALTY

| | |
|---|---|
| In the Matter of the Complaint of TRUTH AQUATICS, INC. and GLEN RICHARD FRITZLER and DANA JEANNE FRITZLER, Individually and as Trustees of the Fritzler Family Trust DTD 7/27/92 as owners and/or owners *pro hac vice* of the dive vessel CONCEPTION, Official Vessel Number 638133, for Exoneration from or Limitation of Liability | Case No. CV 19-7693 PA (MRWx) **CLAIMANT/RESPONDENT CHRISTINE DIGNAM'S COUNTERCLAIM FOR COMPENSATORY AND PUNITIVE DAMAGES** |

PLEASE TAKE NOTICE that Respondent/Counter Claimant CHRISTINE ALEXANDRA DIGNAM, acting in her capacity as the specially appointed Personal Representative of the Estate of JUSTIN CARROLL DIGNAM (Deceased) (hereinafter "the DECEDENT"), hereby makes due proof of her claim, under Rule F(5) of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure, against Petitioners TRUTH AQUATICS, INC. and GLEN RICHARD FRITZLER and DANA JEANNE FRITZLER, Individually and as Trustees of the Fritzler Family Trust DTD 7/27/92, as follows:

1. The incident that gave rise to this claim occurred upon the navigable waters of the United States within the territorial waters of the State of California, had an actual and potential impact on maritime commerce, involved a traditional maritime activity, and is subject to admiralty tort jurisdiction, as hereinafter more fully appears.

2. At all times material hereto, Respondent/Counter Claimant CHRISTINE ALEXANDRA DIGNAM ("Respondent/Counter Claimant DIGNAM") was and still is an adult resident of the State of California and the "spouse" of JUSTIN CARROLL DIGNAM, Deceased ("DECEDENT") as that term is used in 46 U.S.C. § 30302. She is the duly appointed, Personal Representative of DECEDENT's Estate and the mother of DECEDENT's two children, TAYLOR ALEXANDRA DIGNAM and CHANDLER JOHN DIGNAM.

3. DECEDENT was born in 1960. At all times material hereto, he was a "passenger for hire," as that phrase is used in 33 CFR § 101.105, aboard the dive vessel *CONCEPTION* (O.V.N. 638133) and a "non-seafarer" within the meaning of *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 215 (1996). As hereinafter more fully appears, he died aboard that vessel during the early morning hours of September 2, 2019, when it caught fire and sank in Platts Harbor off Santa Cruz, Island, upon navigable waters within the territorial limits of the State of California, see *Tidewater Marine Western, Inc. v. Bradshaw* 14 Cal.4th 557, 564 (1996) (citing Cal. Const., art. III, § 2; Gov. Code, § 170, 171), less than one-hundred yards from shore.

4. TAYLOR ALEXANDRA DIGNAM is DECEDENT's daughter and a "child" as that term is used in 46 U.S.C. § 30302. She was born in 1994.

5. CHANDLER JOHN DIGNAM is DECEDENT's son and a "child" as that term is used in 46 U.S.C. § 30302. He was born in 1996.

5. At all times material hereto, Petitioner TRUTH AQUATICS, INC. was and still is a corporation organized and existing under the laws of the State of California that maintained, and still maintains, its principal place of business at 301 Cabrillo Boulevard, Santa Barbara, California, 93101.

6. At all times material hereto, Petitioner RICHARD FRITZLER was and still is an individual resident of the State of California.

Claimant/Respondent DIGNAM's Counterclaim for Compensatory and Punitive, Wrongful-Death and Survival Damages         CV 19-7693 PA (MRWx)        3

7. At all times material hereto, Petitioner DANA JEANNE FRITZLER was and still is an individual resident of the State of California.

8. At all times material hereto, Petitioners, and each of them, owned, maintained, equipped, controlled, and operated the dive boat CONCEPTION as a "small passenger vessel" within the meaning of 46 C.F.R.§ 175.110(a).

9. On Monday, August 31, 2019, JUSTIN CARROLL DIGNAM departed the Port of Santa Barbara aboard the CONCEPTION, along with six crew members and thirty-two other passengers, for a three-day voyage through the Channel Islands ("accident voyage") that would take the vessel "between ports in the United States" as that phrase is used in 46 U.S.C. § 30509(a)(1).

10. The CONCEPTION, which is depicted below, was built of wood and fiberglass in 1981. She had a registered tonnage of 66 net tons, and as of August 31, 2019, was licensed by the United States Coast Guard to conduct overnight, near-coastal voyages upon the territorial waters of California between Port San Louis and Monterrey. The CONCEPTION had three decks. The pilot house and crew's quarters were located on the vessel's uppermost, or "sun," deck. The galley and salon were situated in a deck house at the forward end of the main deck, and the passenger accommodations were located beneath the main deck, in a below-deck space deep down in the hull itself that had no portholes, skylights, or windows. The only ways into or out of that below-decks, accommodation space were via a narrow,

overhead escape hatch into the galley and a companionway from the salon. The vessel's engine room, generator space, and fuel tanks were also situated in the hull, below the main deck, aft of the passenger accommodations.



11. CONCEPTION was equipped with an onboard electrical system that was powered by diesel generators. Petitioners, and each of them, not only permitted but actively encouraged passengers like DECEDENT to use that electrical system to charge digital cameras, video-cameras, smartphones, cell phones, strobe lights, GoPros, lap top tablets, underwater-scooter power packs, and other battery-powered electronic equipment. Petitioners, and each of them, even equipped CONCEPTION's galley – in the main deck house directly above the passenger accommodations – with a battery-charging station comprising power strips and the octopus charger depicted below.



12. The CONCEPTION's dive station was situated back on the fantail, behind the galley and salon. Among other things, that station housed multiple high-pressure air compressors, one or more nitrox membrane systems, high-pressure piping, one or more banks of high-pressure, oxygen storage bottles, and thirty or more scuba bottles.

13. Some of the CONCEPTION's passengers made a night dive on Tuesday, September 1, 2019, that concluded some time before 2400. By 0230, on Wednesday, September 2, 2019, everyone, including all six of the vessel's crew members, were in their berths and sound asleep. The vessel lay at anchor, in Platts Harbor off Santa Cruz, Island. No roving watch was set; neither the master nor anyone else directed any crew members to patrol the vessel through the night,

monitor the battery-charging station, or sound the alarm in the event of a fire, man-overboard, or other dangerous situation.

14. Some time after 0300, in the early morning hours of Monday, a fire started in or near the galley and quickly spread throughout the vessel, burning the CONCEPTION to the water line, and killing DECEDENT and everyone else in the below-deck, passenger accommodations. The five crew members berthed on the sun deck escaped with their lives and abandoned the vessel.

## FIRST CAUSE OF ACTION

(*Wrongful Death*)

15. Respondent/Counter Claimant Dignam herewith refers to, and by that reference incorporates as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 14 hereinabove.

16. This Cause of Action arises under the General Maritime Law of the United States as handed down in *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375 (1970), *Sea-Land Services v. Gaudet,* 414 U.S. 573 (1974), *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811 (2001), and *Yamaha Motor Corp. v. Calhoun,* 516 U.S. 199 (1996), *inter alia*.

17. As the owners and operators of the dive vessel CONCEPTION, Petitioners and each of them owned DECEDENT, and every other passenger aboard that vessel on the morning of the accident, a duty of care under *Kermarec v.*

*Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959), *Rainey v. Paquet Cruises, Inc.* 709 F.2d 169, 170 (2d. Cir. 1983), and *In re Catalina Cruises, Inc.*, 137 F.3d 1422, 1425-1426 (9th Cir. 1998), *inter alia*. At all times material hereto, Petitioners, and each of them, acting individually and by and through their managing agents, violated that duty of care and acted in reckless disregard for the safety and health of DECEDENT and his fellow passengers in that, among other things:

    a.    They failed to exercise even scant care to equip the CONCEPTION with an electrical system that was safe, suitable, and reasonably fit for its intended use;

    b.    They failed to exercise even scant care to equip the CONCEPTION with a fire-detection system that was safe, suitable, and reasonable fit for its intended use;

    c.    They failed to exercise even scant care to equip the CONCEPTION with fire-fighting equipment that was safe, suitable, and reasonably fit for its intended purpose;

    d.    They failed to exercise even scant care to equip the CONCEPTION's below-decks passenger accommodations with emergency exits that were safe, suitable, properly designed, and sufficient in size and number, and;

    e.    They ignored a manifest duty and failed to maintain a proper watch aboard the CONCEPTION on the morning of the accident, in violation of the

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

black-letter provisions of 46 CFR § 185.410 and the requirements of the CONCEPTION'S vessel's Certificate of Inspection.

18. As a direct, proximate, and legal result of the hereinabove delicts of Petitioners, and each of them, DECEDENT died, along with thirty-three others, in the CONCEPTION's below-decks passenger accommodations during the fire described in Paragraph 14 hereinabove.

19. DECEDENT was only 58 years old on the date of this death. Immediately prior to his death, he was a devoted husband and a loving father in excellent physical and mental health and condition. As a direct, proximate, and legal result of DECEDENT's death, Claimant/Respondent DIGNAM has suffered and will continue to suffer the permanent loss of her husband's services, support, nurture, and advice all to her pecuniary damage in an amount to be proven at the time of trial.

20. As a further direct, proximate, and legal result of DECEDENT'S death, TAYLOR ALEXANDRA DIGNAM and CHANDLER JOHN DIGNAM, and each of them, have suffered and will continue to suffer the permanent loss of their father's services, nurture, guidance, training, instruction, advice, and example, all to their pecuniary damage in an amount to be proven at the time of trial.

21. As a further direct, proximate, and legal result of DECEDENT's death, Claimant/Respondent DIGNAM has suffered and will continue to suffer the

permanent loss of her husband's love, affection, comfort, care, consortium, and society, all to her non-pecuniary damage in an amount to be proven at the time of trial.

22. As a further direct, proximate, and legal result of DECEDENT's death, TAYLOR CHRISTINE DIGNAM and CHANDLER JOHN DIGNAM have suffered and will continue to suffer the permanent loss of their father's love, affection, comfort, care, and society, all to their non-pecuniary damage in an amount to be proven at the time of trial.

23. In performing the acts and committing the omissions alleged herein, Petitioners, and each of them, acted outrageously, and were guilty of gross negligence, willful, wanton, and reckless indifference for the rights of others, or behavior even more deplorable, justifying an award of punitive or exemplary damages in an amount to be determined at the time of trial herein.

WHEREFORE, Respondent/Counter Claimant DIGNAM prays judgment against Petitioners as is hereinafter more fully set forth.

## SECOND CAUSE OF ACTION
(*Survival Damages*)

24. Respondent/Counter Claimant DIGNAM herewith refers to and by that reference incorporates, as though fully set forth herein, each and every allegation averred in her First Cause of Action.

25. This Cause of Action arises under the General Maritime Law of the United States as handed down in *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375 (1970), *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 211 (1996), *Davis v. Bender Shipbuilding and Repair Co.*, 27 F.3d 426, 430 (9th Cir. 1994), and *Koirala v. Thai Airways International, Ltd.*, 126 F.3d 1205, 1212 (9th Cir. 1997) *inter alia*.

26. On or about September 2, 2019, when the within cause of action arose in his favor, DECEDENT, who would have been the Claimant in this action had he lived, died by fire and asphyxiation.

27. As a direct, proximate, and legal result of the hereinabove alleged delicts of the Petitioners, and each of them, DECEDENT was placed in great fear for his life and physical well-being, and consciously suffered extreme, severe, and relentless mental and emotional anguish and physical pain, and continued to suffer such pain and anguish for a substantial period of time, until he died by fire and asphyxiation, all to his general, nonpecuniary damage in an amount to be proven at the time of trial herein.

28. At the time of his death, DECEDENT had a statistical life expectancy of another 23 years. As a further direct and proximate result of the hereinabove alleged delicts of the Petitioners, DECEDENT has incurred a loss of future earnings and income, all to his special, pecuniary damage in an amount to be determined at the time of trial.

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

29. As a further direct and proximate result of the hereinabove alleged delicts of the Petitioners, DECEDENT's Estate has incurred expenses of funeral and cremation, all to the Estate's special, pecuniary damage in an amount to be determined at the time of trial.

WHEREFORE, Respondent/Counter Claimant prays judgment against Petitioners as follows:

a. For funeral and cremation expenses in accordance with the allegations in Paragraph 29 hereinabove;

b. For pecuniary and nonpecuniary survival damages in accordance with the allegations in Paragraphs 27 and 28 hereinabove;

c. For pecuniary and nonpecuniary wrongful death damages in accordance with the allegations of Paragraphs 19-22 hereinabove;

d. For punitive damages in accordance with the allegations of Paragraph 23 hereinabove;

e. For pre-judgment interest;

f. For costs of suit; and

g. For such other and further relief as the Court may deem just and proper.

Dated: November 11, 2019

McGUINN, HILLSMAN & PALEFSKY

By: /s/ JOHN R. HILLSMAN
　　　JOHN R. HILLSMAN

Attorneys for Respondent/Counter Claimant
CHRISTINE DIGNAM