Roland T. Christensen, Esq. (SBN 326638)
Jason A. Itkin (Pro Hac Vice pending)
Cory D. Itkin (Pro Hac Vice pending)
Ryan S. Macleod (Pro Hac Vice pending)
Jacob Karam (Pro Hac Vice pending)
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

Attorney for Plaintiff Ryan Sims

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRIT OF CALIFORNIA**

| | |
|---|---|
| RYAN SIMS, an individual,<br><br>　　Plaintiff,<br><br>　　-vs.-<br><br>TRUTH AQUATICS, INC., a California Corporation, GLEN FRITZLER, as Trustee of THE FRITZLER FAMILY TRUST DTD 7/27/92, a California Trust, WORLDWIDE DIVING ADVENTURES, LLC, a California Limited Liability Company, and DOES 1 through 40<br><br>　　Defendants. | Case No. 2:19-cv-07693<br><br>**ANSWER AND CLAIMS** |

## Answer and Claims of Claimant Ryan Sims

Claimant Ryan Sims ("Claimant"), files this Answer and Claims in response to the Complaint for Exoneration From or Limitation of Liability of Petitioners Truth Aquatics, Inc., Glen Richard Fritzler and Dana Jeanna Fritzler, Individually and as Trustees of the Fritzler Family Trust 7/27/92 (hereafter "Petitioners"), as owners of the M/V CONCEPTION, and would respectfully show that:

**FIRST DEFENSE**

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRD DEFENSE

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise.

## FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

## FIFTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

**SIXTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the M/V CONCEPTION and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the M/V CONCEPTION and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

**EIGHTH DEFENSE**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.  In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**NINTH DEFENSE**

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

**TENTH DEFENSE**

The events culminating in the damages to Claimant were the result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the M/V CONCEPTION and/or other vessels within the flotilla under

common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From and/or Limitation of Liability should be denied.

**ELEVENTH DEFENSE**

The events culminating in the damages to Claimant were not the result of any negligence, fault, or want of due care on his part or those for whom he may be responsible.

**TWELTH DEFENSE**

Claimant further alleges that there was insurance coverage on the M/V CONCEPTION insuring Petitioners in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

**THIRTEENTH DEFENSE**

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

**FOURTEENTH DEFENSE**

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

**FIFTEENTH DEFENSE**

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Claimant will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioners' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims his right to have his claims and damages tried to a jury in the court of his choosing.

**SIXTEENTH DEFENSE**

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. *See* 46 U.S.C. § 30501, *et seq.*; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

**SEVENTEENTH DEFENSE**

Claimant reserves the right to contest the appraisal value of the M/V CONCEPTION and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**EIGHTTEENTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**NINETEENTH DEFENSE**

Petitioners are not a "vessel owner" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq.*

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant responds to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

I.

Claimant admits the allegations contained in Paragraph 1 of the Complaint. However, Claimant also notes that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

II.

Claimant lacks sufficient information to justify a belief in the allegations asserted in Paragraph 3, and therefore denies those allegations.

III.

Claimant admits that there was a fire on the M/V CONCEPTION. Claimant of sufficient information to justify a belief in the remaining allegations asserted in Paragraph 3, and therefore denies those allegations.

IV.

No response is required for Paragraph 4.

V.

Claimant contends that the allegation that no crewmember filed a suit for personal injury is false.

VI.

Claimant lacks sufficient information to justify a belief in the allegations asserted in Paragraph 6, and therefore denies those allegations.

VII.

Claimant lacks sufficient information to justify a belief in the allegations asserted in Paragraph 7, and therefore denies those allegations.

VIII.

Claimant lacks sufficient information to justify a belief in the allegations asserted in Paragraph 8, and therefore denies those allegations.

IX.

Claimant lacks sufficient information to justify a belief in the allegations asserted in Paragraph 9, and therefore denies those allegations.

X.

Claimant denies the allegations set forth in Paragraph 10 and contends that the M/V CONCEPTION was unseaworthy at the time of the incident.

XI.

Claimant lacks sufficient information to justify a belief in the allegations asserted in Paragraph 11, and therefore denies those allegations.

XII.

Claimant admits that a fire on the M/V CONCEPTION resulted in the death of all of its passengers and forced the crewmembers to abandon the vessel. Claimant lacks sufficient information to justify a belief in the remaining allegations asserted in Paragraph 12, and therefore denies those allegations.

XIII.

Claimant contends that the allegation that no crewmember filed a suit for personal injury is false.

XIV.

Other than Claimant's notice, Claimant lacks sufficient information to justify a belief in the allegations asserted in Paragraph 14, and therefore denies those allegations.

XV.

The allegations contained in Paragraph 15 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied.

XVI.

No response is required for Paragraph 16.

XVII.

The allegations contained in Paragraph 17 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from these claimants. However, if response be deemed necessary, said allegations are denied. Claimant further specifically denies the adequacy of the valuation of the M/V CONCEPTION and/or the other vessels in its flotilla as asserted by Petitioner. Claimant further re-urges his prior objection to Petitioner failing to include the value of all vessels in the flotilla which were under the common operational control, supervision and

enterprise in the limitation fund, together with any insurance proceeds, and any sums received or which may be received by Petitioner from any third party as a result of the fault or alleged fault of said third party having caused damage to the property interests of Petitioners. Claimant hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel(s), issued by a reputable surety company to be approved by the Court. In so doing, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund as aforesaid.

XVIII.

Claimant contends that the security deposited in amount of $1,000 is woefully inadequate.

XIX.

No response is required to Paragraph 19.

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant files his Claim in the Complaint for Exoneration from or Limitation of Liability of, and states that:

1. Claimant re-urges each and every defense and objection set forth above as if the same were stated herein verbatim.

**PARTIES**

3. Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth herein.

4. Plaintiff is a California resident and citizen of the United States.

5. Defendant, TRUTH AQUATICS, INC., is and was a California corporation doing business in this County, and subject to jurisdiction and venue within this County. This Defendant was

and is domiciled in Santa Barbara, California and it may be served though its registered agent. At all material times, Defendant TRUTH AQUATICS, INC. was the Jones Act employer of Plaintiff, RYAN SIMS. Defendant TRUTH AQUATICS, INC. may be served through its registered agent, Glen Fritzler, at 301 W Cabrillo Blvd, Santa Barbara, CA 93101or wherever he may be located.

6. Defendant GLEN FRITZLER, is an individual and Trustee of the FRITZLER FAMILY TRUST DTD 7/27/92, a California trust. Defendant THE FRITZLER FAMILY TRUST DTD 7/27/92 is a legal trust formulated under the laws of California, and subject to the jurisdiction of this Court. This Defendant may be served through personal service of its Trustee, wherever he may be found. Defendant THE FRITZLER FAMILY TRUST DTD 7/27/92 is the U.S. Coast Guard documented owner of the VESSEL. Defendants GLEN FRITZLER 301 W Cabrillo Blvd, Santa Barbara, CA 93101 or wherever he may be located. Defendant THE FRITZLER FAMILY TRUST DTD 7/27/92 may be served through its registered agent, Glen Fritzler, at 301 W Cabrillo Blvd, Santa Barbara, CA 93101, or wherever he may be located.

7. Defendant WORLDWIDE DIVING ADVENTURES, LLC is and was a California limited liability company doing business in this County, and subject to jurisdiction and venue within this County. This Defendant was and is domiciled in Santa Cruz, California, and it may be served though its registered agent. Upon information and belief, Defendant WORLDWIDE DIVING ADVENTURES, LLC was the charterer of the VESSEL. Defendant WORLDWIDE DIVING ADVENTURES, LLC may be served through its registered agent, Todd Abbott, located at 2127 Olympic Pkwy, Suite 1006-348, Chula Vista, CA 91915.

**NATURE OF THE ACTION**

8. Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth herein.

9. On or about September 2, 2019, Plaintiff was employed by Defendant, TRUTH AQUATICS, INC. (Hereinafter referred to as "TRUTH") as a crew member of the vessel *M/V*

*CONCEPTION* (hereinafter referred to as "VESSEL"). While Plaintiff was aboard the VESSEL, which is owned, operated and/or managed by both Defendant TRUTH and Defendant THE FRITZLER FAMILY TRUST DTD 7/27/92 (hereinafter referred to as "TRUST"), and while Plaintiff was contributing to and aiding such VESSEL to accomplish its mission, Plaintiff was seriously injured. Moreover, upon information and belief, at all material times Defendant WORLDWIDE DIVING ADVENTURES, LLC (hereinafter referred to as "WORLDWIDE") was the charterer of the VESSEL.

10. In the early morning hours of September 2, 2019 Plaintiff was asleep on the top deck of the VESSEL, as was required in his job parameters. Suddenly and without warning, Plaintiff was abruptly started awake by loud noises, and quickly realized a significant fire had broken out in the VESSEL. The fire moved fast and swift throughout the VESSEL trapping Plaintiff and other persons aboard the VESSEL. Given the significance of the fire, and the layout of the VESSEL, Plaintiff was required to jump from the top deck of the VESSEL to avoid fire at which time he fractured his leg in three places, as well as injured his back, neck and other parts of his body. As a result of these injuries, Plaintiff has required extensive medical treatment.

11. At all times relevant, the VESSEL was and is a U.S. Coast Guard inspected passenger carrying vessel, documented under the flag of the United States with the U.S. Coast Guard official number 638133. At all times herein mentioned, the VESSEL was afloat upon navigable waters of the Pacific Ocean. At all times relevant, the VESSEL sailed on voyages to and from U.S. ports and was at least 97 gross tons as measured under 46 U.S.C. § 14502, § 14302, and § 14104. Further, at all times relevant, the VESSEL was anchored in Ventura County, California at the time of the fire.

## FIRST CAUSE OF ACTION — JONES ACT

### (*against Defendant TRUTH*)

12. Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth herein.

13. On or about September 2, 2019, Plaintiff was employed by Defendant, TRUTH, and was working aboard the VESSEL as a seaman under the general maritime law of the United States and the Jones Act, at the specific request and for the benefit of the VESSEL and Defendant.

14. Defendant was negligent for the following reasons:

  a. Failure to properly maintain the VESSEL;

  b. Failure to properly train their employees;

  c. Failure to provide adequate safety equipment;

  d. Failure to provide adequate safety rules;

  e. Failure to perform a job hazard analysis and to take corrective action;

  f. Failure to provide adequate medical equipment;

  g. Failure to provide adequate maintenance and cure;

  h. Failure to provide adequate warnings of a known hazard;

  i. Failure to comply with industry standards, customs and practices;

  j. Operating the VESSEL with an obvious dangerous condition;

  k. Failure to recognize danger and take corrective action;

  l. Failure to avoid or minimize foreseeable dangers to the crew resulting from potential fire;

  m. Failure to provide adequate means of emergency evacuation;

  n. Failure to adequately repair and/or maintain the VESSEL;

  o. Failure to timely eliminate known hazards;

  p. Failure to timely rectify known deficiencies;

  q. Failure to inspect the VESSEL

  r. Failure to comply with local, state, and/or federal law; and

  s. Other acts deemed negligent.

15. As a legal result of the aforesaid negligent acts or wrongful acts or omissions, among others, Defendants breached the duty of care they owed to Plaintiff.

16. As a direct and proximate result of the aforesaid acts and omissions of the Defendant Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe physical pain, mental anguish, physical impairment, and disfigurement. In all reasonable probability, Plaintiff's physical pain, mental anguish, physical impairment, and disfigurement will continue indefinitely.

17. As a further legal result of the aforesaid negligent acts or wrongful acts or omissions, Plaintiff has sustained and will continue to sustain damages, including without limitation, general non-economic damages, special economic damages, life care expenses, emotional distress and pain and suffering, all of which will be established at trial according to proof.

18. As a further direct and proximate result of the aforesaid acts and omissions of the Defendant, Plaintiff has sustained and will in the future sustain loss of earnings, and loss of earning capacity, in an amount not presently ascertainable to Plaintiff, who will seek leave of court to amend this complaint to allege the amount of said losses when the same have been ascertained.

19. As a further, direct and proximate result of the aforesaid acts and omissions of the Defendant, Plaintiff was compelled to and did employ the services of physicians, surgeons, nurses and the like, to handle and care for Plaintiff's treatment, and did incur medical, professional and incidental expenses. Plaintiff is informed and believes and based upon such information and belief alleges that he will necessarily and by reason of his injuries incur additional like expenses for an indefinite period of time in the future. Plaintiff will ask leave of court to amend this allegation once said amounts have been ascertained.

20. The foregoing wrongful acts or omissions occurred as a result of Defendant's willful and/or arbitrary and/or wanton and/or conscious and/or reckless disregard of their obligations under the

Jones Act. As a result, Plaintiff is entitled to an award of punitive damages, including without limitation, general punitive damages and reasonable attorney's fees and costs against Defendant.

## SECOND CAUSE OF ACTION — MAINTENANCE AND CURE

### (*against Defendant TRUTH*)

21. Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth herein.

22. Despite Plaintiff's severe and extensive injuries, he has not been paid adequate maintenance and cure. As a Jones Act seaman, Plaintiff is entitled to maintenance and cure benefits due to his injuries suffered on the job. Thus, Plaintiff seeks recoupment of past maintenance and cure benefits, and requests that the Court order that Defendant begin paying adequate maintenance and cure benefits from this day forward.

23. Moreover, Plaintiff alleges that Defendant's failure to pay maintenance and cure is arbitrary, capricious, willful, and wanton given the undeniable fact that Plaintiff was injured on the job and has not reached maximum medical improvement. Thus, Plaintiff seeks punitive damages. Further, Plaintiff is entitled to recover reasonable attorney's fees and costs. For the purposes of this claim herein, recoverable attorney's fees and costs include all reasonable attorney's fees and costs expended on this case that are not solely related to the Jones Act and Unseaworthiness claims herein alleged.

24. As a further legal result of the aforesaid negligence, Plaintiff is entitled to recover prejudgment interest on all damages awarded on this claim.

## THIRD CAUSE OF ACTION — UNSEAWORTHINESS

### *against Defendant TRUTH & TRUST*)

25. Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth herein.

26. On the date in question the VESSEL was unseaworthy.

27. At all times herein relevant, Plaintiff was acting in the service of the VESSEL and Defendants and was performing duties of the type traditionally performed by a seaman.

28. At the time and place alleged herein, by the provisions of the General Maritime Law of the United States, Defendants and their agents, employees and servants warranted to Plaintiff that the VESSEL, its decks, gear, equipment, guardrails, handrails, galley, appurtenances, tools, safety equipment, crewmembers, training, instruction, safety policies, safety procedures, safety management system and work methods were seaworthy and in compliance with applicable statutes and regulations enacted for the safety of the crew.

29. Defendants, and each of them, breached this warranty in that the VESSEL, its decks, gear, equipment, guardrails, handrails, galley, appurtenances, tools, safety equipment, crewmembers, training, instruction, safety policies, safety procedures, safety management system and work methods were neither seaworthy nor in compliance with applicable laws, rules, regulations, industry customs and practices enacted or followed for the safety of the crew. Further, the acts of negligence set forth in this Claim for Relief were of such a duration as to become conditions of the VESSEL and therefore were further breaches of the warranty of seaworthiness. Upon information and belief, Defendants had actual and subjective awareness of the issues with the VESSEL and failed to rectify them.

30. As a further legal result of the aforesaid unseaworthiness, Plaintiff has sustained and will continue to sustain damages, including without limitation, general non-economic damages, special economic damages, life care expenses, emotional distress and paid and suffering, all of which will be established at trial according to proof.

31. As a direct and proximate result of the VESSEL's unseaworthiness, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe physical pain, mental anguish, physical impairment, and disfigurement. In all reasonable probability, Plaintiff's physical pain, mental anguish, physical impairment, and disfigurement will continue indefinitely.

32. As a further direct and proximate result of the VESSEL's unseaworthiness, Plaintiff has sustained and will in the future sustain loss of earnings, and loss of earning capacity, in an amount not presently ascertainable to Plaintiff, who will seek leave of court to amend this complaint to allege the amount of said losses when the same have been ascertained.

33. As a further, direct and proximate result of the VESSEL's unseaworthiness, Plaintiff was compelled to and did employ the services of physicians, surgeons, nurses and the like, to handle and care for Plaintiff's treatment, and did incur medical, professional and incidental expenses. Plaintiff is informed and believes and based upon such information and belief alleges that he will necessarily and by reason of his injuries incur additional like expenses for an indefinite period of time in the future. Plaintiff will ask leave of court to amend this allegation once said amounts have been ascertained.

34. As a further legal result of the aforesaid unseaworthiness, Plaintiff is entitled to recover prejudgment interest on all damages awarded on this claim.

## **FORTH CAUSE OF ACTION — GENERAL MARITIME NEGLIGENCE**

### (*against Defendant WORLDWIDE & TRUST*)

35. Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth herein.

36. Defendants, and each of them, were negligent for the following reasons:

   a. Failure to properly maintain the VESSEL;

   b. Failure to properly train their employees;

   c. Failure to provide adequate safety equipment;

   d. Failure to provide adequate safety rules;

   e. Failure to provide adequate medical equipment;

   f. Failure to provide adequate warnings of a known hazard;

   g. Failure to comply with industry standards, customs and practices;

   h. Failure to recognize danger and take corrective action;

      i. Failure to avoid or minimize foreseeable dangers to the personnel aboard the VESSEL resulting from potential fire;

      j. Failure to provide adequate means of emergency evacuation;

      k. Failure to adequately repair and/or maintain the VESSEL;

      l. Failure to timely eliminate known hazards;

      m. Failure to timely rectify known deficiencies;

      n. Failure to adequately plan the underlying voyage;

      o. Failure to inspect the VESSEL; and

      p. Other acts deemed negligent.

37. As a legal result of the aforesaid negligent acts or wrongful acts or omissions, among others, Defendants breached the duty of care they owed to Plaintiff.

38. As a direct and proximate result of the aforesaid acts and omissions of the Defendants, and each of them, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe physical pain, mental anguish, physical impairment, and disfigurement. In all reasonable probability, Plaintiff's physical pain, mental anguish, physical impairment, and disfigurement will continue indefinitely.

39. As a further legal result of the aforesaid negligent acts or wrongful acts or omissions, Plaintiff has sustained and will continue to sustain damages, including without limitation, general non-economic damages, special economic damages, life care expenses, emotional distress and pain and suffering, all of which will be established at trial according to proof.

40. As a further direct and proximate result of the aforesaid acts and omissions of the Defendants, plaintiff has sustained and will in the future sustain loss of earnings, and loss of earning capacity, in an amount not presently ascertainable to Plaintiff, who will seek leave of court to amend this complaint to allege the amount of said losses when the same have been ascertained.

41. As a further, direct and proximate result of the aforesaid acts and omissions of the Defendants, and each of them, Plaintiff was compelled to and did employ the services of physicians, surgeons, nurses and the like, to handle and care for Plaintiff's treatment, and did incur medical, professional and incidental expenses. Plaintiff is informed and believes and based upon such information and belief alleges that he will necessarily and by reason of his injuries incur additional like expenses for an indefinite period of time in the future. Plaintiff will ask leave of court to amend this allegation once said amounts have been ascertained.

42. The foregoing wrongful acts or omissions occurred as a result of Defendants' willful and/or arbitrary and/or wanton and/or conscious and/or reckless disregard of their obligations under the General Maritime Law. As a result, Plaintiff is entitled to an award of punitive damages, including without limitation, general punitive damages and reasonable attorney's fees and costs against Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for damages against Defendants, both jointly and severely, and each of them, as follows:

1. Actual damages;
2. Exemplary damages as allowed by law;
3. Pre-judgment and post-judgment interest as allowed by law;
4. Costs of suit;
5. All claims for relief;
6. Attorney's fees; and
7. All other relief, in law and equity, to which Plaintiff may be entitled.

Dated: January 3, 2020.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

By: _____
   /s/ Roland T. Christensen
   Roland T. Christensen, Esq.
   Jason A. Itkin (Pro Hac Vice pending)
   Cory D. Itkin (Pro Hac Vice pending)
   Ryan S. Macleod (Pro Hac Vice pending)
   Jacob Karam (Pro Hac Vice pending)
   Attorneys for Plaintiff

**PROOF OF SERVICE**

I am a resident of the State of Texas, over the age of eighteen years, and not a party to the within action. My business address is 6009 Memorial Drive, Houston Texas 77007. On January 3, 2020 I served the within document:

**ANSWER AND CLAIMS OF CLAIMANG FILLEON GILLIS**

[**X**]    by transmitting via facsimile the document listed above to the fax number(s) set forth below on this date before 5:00 p.m.

[ ]    by personally delivering the document listed above to the person(s) at the addresses set forth below

[ ]    by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of Texas in Houston, addressed as set forth below.

[ ]    by overnight mail. By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by an overnight carrier, as part of the ordinary business practices of Arnold & Itkin described below, addressed as follows:

RUSSELL P. BROWN (SBN: 84505)
JAMES F. KUHNE, JR (SBN: 251150)
rbrown@grsm.com
jkuhne@grsm.com
GORDON REES SCULLY MANSUKHAI, LLP
101 W. Broadway Suite 2000
San Diego CA 92101
619-696-6700
619-696-7214
Attorney for Defendants
TRUTY AQUATICS, INC. AND GLEN FRITZLER, INDIVIDUALLY AND AS TRUSTREE OF THE FRITZLER FAMILY TRUST DTD 7/27/92

1  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in Affidavit.

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.

Executed on this the 3rd day of January, 2020, in Houston, Texas.

*/s/ Cherry Beth Miller*
Cherry Beth Miller

COMPLAINT FOR DAMAGES