UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7693 PA (MRWx) | Date | June 17, 2025 |
|---|---|---|---|
| Title | In the Matter of the Complaint of Truth Aquatics, Inc. and Glen Richard Fritzler and Dana Jeanne Fritzler | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS ORDER

Before the Court is a Motion by Claimant Murata Electronics North America, Inc. ("MEN") to Set Aside Clerk's Entry of Default ("Motion"). The Respondents/Counter-Claimants filed an Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 23, 2025, is vacated, and the matter taken off calendar.

## I.   Background

The Petition commencing this action pursuant to the Vessel Owners Limitation of Liability Act ("LOLA"), 46 U.S.C. §§ 30501-29, was filed by the *Conception's* owners, Truth Aquatics, Inc., Glen Richard Fritzler, and Dana Jeanne Fritzler ("Petitioners"),[1/] on September 5, 2019. The Court issued a Monitions Order on September 11, 2019, as provided by Rule F of the Supplemental Rules for Admiralty or Maritime Claims, requiring any claims against the vessel owners be filed before July 1, 2020. (See Docket No. 15.) The Court also issued an order enjoining all suits, actions or legal proceedings of any nature against the Petitioners or the vessel relating to Conception fire, whether known or unknown, filed or not yet filed (Docket No. 16.)

On August 5, 2020, the Clerk took the defaults of all those who have not timely filed and served a claim. (Docket No. 157.) On January 22, 2021, the Petitioners and Counter-Claimants filed a stipulation lifting the injunction to permit the Counter-Claimants to file and pursue their claims against Petitioners in state court ("Stipulation"). (Docket No. 177.) Because the Counter-Claimants elected to pursue claims in state court against Petitioners and others under the savings to suitors clause, 28 U.S.C. § 1331(1), the parties sought to stay this action pending

---

[1/]   Petitioners did not oppose or otherwise respond to the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7693 PA (MRWx) | Date | June 17, 2025 |
|---|---|---|---|
| Title | In the Matter of the Complaint of Truth Aquatics, Inc. and Glen Richard Fritzler and Dana Jeanne Fritzler | | |

resolution of the state court proceedings.[2/]  The Stipulation also contained certain provisions to protect the rights of Petitioners to limit their liability under LOLA.[3/]  The Court issued an order accepting the parties' Stipulation, and also stayed this action pending further application by the parties or order of Court.  (Docket No. 179.)

Commencing on March 1, 2021, Counter-Claimants filed individual complaints against Petitioners, eight other named defendants, and 100 Doe defendants in Los Angeles County Superior Court.  The complaints were related and consolidated under the lead case, Nancy Fiedler, et al. v. Truth Aquatics, Inc. et al., Case No. 21STCV0812 ("State Court Actions").  Counter-claimants filed a Fourth Amended Master Complaint ("MC") on November 5, 2024 identifying 59 of the previous Doe defendants, including MENA, by name.[4/]  MENA and other Doe defendants responded to the MC by filing demurrers among other motions.  On April 22, 2025, the demurrers were overruled and the Doe defendants, including MENA, were ordered to respond to the MC by June 6, 2025.  MENA then filed its Motion to be relieved from the clerk's entry of default in this action so that it could file a counter-claim against Petitioners in this action for indemnity and contribution.

## II.     Discussion

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause."  "The 'good cause' standard that governs vacating an entry of default

---

[2/]     The savings to suitors clause "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims."  Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 445 (2001).  Because federal courts exercising admiralty jurisdiction do not empanel juries, [t]rial by jury is the classic example of a remedy . . .that the savings-to-suitors clause protects."  In re Williams Sports Rentals, Inc., 90 F.4th 1032, 1036 (9th Cir. 2024) (citations omitted).  Accordingly, there is "some tension" between the savings to suitors clause and LOLA – one statute gives claimants the right to pursue remedies in state court, and the other gives vessel owners the right to seek to limit liability in federal court.  Lewis, 531 U.S. at 448.

[3/]     To resolve the tension between the savings to suitors clause and LOLA, courts have created exceptions to exclusive federal jurisdiction under LOLA.  Here, the applicable exception is that claimants agreed to certain conditions before proceeding in state court in order to protect a vessel owner's limitation of liability rights under LOLA.  Williams Sports Rentals, 90 F.4th at 1038.

[4/]     The 59 newly-named defendants are believed to have manufactured and/or sold batteries that were aboard the Conception the night of the fire.  (Docket No. 192.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7693 PA (MRWx) | Date | June 17, 2025 |
|---|---|---|---|
| Title | In the Matter of the Complaint of Truth Aquatics, Inc. and Glen Richard Fritzler and Dana Jeanne Fritzler | | |

under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925 (9th Cir. 2004). Thus, in determining whether to set aside entry of default or default judgment, a district court must consider three factors: (1) whether the moving party's own culpable conduct led to the default; (2) whether the nonmoving party would be prejudiced by setting aside the default; and (3) whether the moving party has no meritorious defense. See TCI Grp. Life Ins. Plan v. Knoebber (TCI), 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001); Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000); Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988). While "[a] motion to set aside a default *may* be denied if any one factor goes against the defendant, . . . it would still be within a district court's discretion to grant the motion." Yagman v. Galipo, No. CV 12-7908 GW (SHx), 2013 WL 1287409, at *9 (C.D. Cal. Mar. 25, 2013) (citing Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1112 (9th Cir. 2011)) (emphasis in original).

Although courts apply the same standard to motions to set aside default and motions to set aside default judgment, the standard for setting aside entry of default is less rigorous than the standard for setting aside a default judgment. See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). Accordingly, "appropriate exercise of district court discretion . . . requires that the finality interest should give way fairly readily to further the competing interest in reaching the merits of a dispute." TCI, 244 F.3d at 696.

MENA argues that the factors here weigh in favor of granting its Motion because MENA: (1) lacked actual notice of the deadline to answer the petition or file a claim against Petitioners in this action and didn't know that it would need to file a claim until after the demurrers had been resolved; (2) would be prejudiced without the requested relief; and (3) has a meritorious defense in the state court action. In response, Counter-Claimants argue that MENA delayed filing its Motion for 14 months after actual notice of this action, and that the Court should exercise its discretion over MENA's request to protect the parties' negotiated agreement to proceed with claims under the Stipulation and prevent wasteful and redundant litigation. Petitioners also argue that MENA failed to meet and confer under Local Rule 7-3 prior to filing this Motion.

Here, the factor that weighs against granting MENA's Motion at this time is the potential prejudice to Counter-Claimants. MENA's Motion and Reply speak only to the lack of prejudice

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7693 PA (MRWx) | Date | June 17, 2025 |
|---|---|---|---|
| Title | In the Matter of the Complaint of Truth Aquatics, Inc. and Glen Richard Fritzler and Dana Jeanne Fritzler | | |

to Petitioners, and ignore or minimize the prejudice Counter-Claimants would suffer if relieving MENA of its default triggers a resumption of the proceedings here. The Ninth Circuit has held that in LOLA actions, district courts must consider both actual and potential third-party claims – including claims for indemnity and contribution – in determining whether to permit state court litigation against the vessel owners to proceed. See In re Live Life Bella Vita LLC, 115 F.4th 1188, 1200 (9th Cir. 2024). In granting the Stipulation allowing Counter-Claimants to pursue their state court claims against Petitioners as an exception to the monition injunction, the Court agreed to a process whereby Counter-Claimants' claims could be litigated in a consolidated proceeding in state court prior to returning to this Court to finally adjudicate the LOLA issues. Permitting MENA and other potential claimants to proceed without the protections afforded to Petitioners by the stipulated conditions would involve undoing the four years the Counter-Claimants have spent litigating on not just their claims against Petitioners in state court in a manner consistent with the savings to suitors clause and their right to a jury trial, but also their state law claims against MENA and the other defendants named in the operative complaint in the state court action.

Given MENA's failure to properly address the prejudice to Counter-Claimants that would be caused by the Court granting MENA's Motion, and MENA's refusal to abide by the terms of the Stipulation, as Counter-Claimants suggested in their Opposition, the Court concludes that MENA has not established the "good cause" necessary to justify relief from the default. The Court therefore denies MENA's Motion without prejudice. In light of the Court's denial of MENA's Motion without prejudice, the number of similarly-situated newly-added defendants in the state court action, and the potential inefficiency of those defendants separately seeking relief similar to that sought by MENA, the Court orders Counter-Claimants to provide a copy of this Order to all defendants they have named in the state court action by no later than July 7, 2025. Counter-Claimants shall also notify the defendants named in the state court action that this Court has set a deadline of October 20, 2025, for hearing any Motions for Relief from the Default entered on August 5, 2020. Any Motion for Relief from Default shall be filed in accordance with Local Rule 6-1 in advance of the October 20, 2025 deadline for hearing such Motions. The Court also orders that prior to filing any such Motions for Relief from Default, the moving party must meet and confer in accordance with Local Rule 7-3 with all parties involved in the state court action, including Counter-Claimants. The Court encourages the parties to resolve such issues through stipulation to the extent possible, and to coordinate the filing of any Motions to avoid the piecemeal resolution of disputes.

IT IS SO ORDERED.