1  BRADFORD J. DEJARDIN (Bar No. 195764)
   brad.dejardin@huschblackwell.com
2  PATRICIA BALL ALBERTS (Bar No. 229333)
   patricia.alberts@huschblackwell.com
3  PAUL A. CALFO (Bar No. 336916)
   paul.calfo@huschblackwell.com
4  HUSCH BLACKWELL LLP
   355 South Grand Avenue, Suite 2850
5  Los Angeles, California 90071
   Telephone: 213.337.6550
6  Facsimile: 213.337.6551

7  Attorneys for Claimant
   OLYMPUS CORPORATION OF THE
8  AMERICAS

9           **UNITED STATES DISTRICT COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11                    **IN ADMIRALTY**

12

13  IN THE MATTER OF THE                  Case No.: 2:19-CV-07693 PA (MRWx)
    COMPLAINT OF TRUTH AQUATICS,
14  INC. and GLEN RICHARD FRITZLER       Hon. Percy Anderson
    and DANA JEANNE FRITZLER,
15  individually and as Trustees of the   Related Cases:
    FRITZLER FAMILY TRUST DTD                        2:21-cv-07065-PA-MRW
16  7/27/92 as owners and/or owners pro hac           2:22-cv-00202-PA-MRW
    vice of the dive vessel *CONCEPTION*,             2:23-cv-00985-PA-MRW
17  OFFICIAL NUMBER 638133, FOR
    EXONERATION FROM OR              **CLAIMANTS' MEMORANDUM OF**
18  LIMITATION OF LIABILITY,         **POINTS AND AUTHORITIES IN**
                                     **SUPPORT OF JOINT MOTION TO**
19          Petitioners.            **SET ASIDE CLERK'S ENTRY OF**
                                     **DEFAULT**
20
                                     Fed. R. Civ. P. 55(c)
21  AND RELATED COUNTERCLAIMS
                                     Hearing Date:    October 20, 2025
22                                   Hearing Time:    1:30 p.m.
                                     Hearing Dept.:   Courtroom 9A
23
                                     Action Filed: September 5, 2019
24                                   Trial Date:     TBA

25

26

27

28

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

COME NOW Claimants OLYMPUS CORPORATION OF THE AMERICAS; AMAZON.COM, INC.; APPLE INC.; BATTERIES PLUS LLC; BATTERY STORE, INC.; BLUE NOOK CORP. d/b/a WASABI POWER; CANON U.S.A., INC.; DANTONA INDUSTRIES, INC., erroneously sued in the state court action as DANTONA BATTERIES, INC. and erroneously sued in the State Court action as ULTRALAST BATTERIES; DURACELL US OPERATIONS, INC.; DURACELL INDUSTRIAL OPERATIONS, INC.; THE DURACELL COMPANY; DUSLAN TECHNOLOGY, INC. d/b/a ONLYBATTERIES.COM; EBAY INC.; ENERGIZER HOLDINGS, INC.; GO PRO, INC.; MURATA ELECTRONICS NORTH AMERICA, INC.; PAWW, LLC; PANASONIC CORPORATION OF NORTH AMERICA; SAMSUNG SDI AMERICA, INC.; SHORE POWER INC. d/b/a BATTERY JUNCTION; SONY ELECTRONICS INC.; SUREFIRE LLC; SUREFIRE HOLDINGS LLC; TENERGY CORPORATION;  and ULTRALIFE CORPORATION (collectively, "Moving Claimants") and submit, pursuant to this Court's order dated June 17, 2025 (ECF No. 199), Fed. R. Civ. P. 55(c), and L.R. 7-5(a), their Memorandum of Points and Authorities in support of their Joint Motion to Set Aside the Clerk's Entry of Default, so that they may file separate claims for indemnity and contribution in these proceedings as provided by *In re Live Life Bella Vita LLC*, 115 F. 4th 1188, 2024 AMC 517 (9th Cir. 2024).

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................1

II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY ..........................4

    A.   The LOLA Proceeding............................................................................4

    B.   The State Court Action ...........................................................................6

III.   LAW AND ARGUMENT...................................................................................9

    A.   Legal Standard ......................................................................................11

    B.   There is Good Cause to Set Aside the Clerk's Default. ......................12

        1.   Neither Petitioners nor Counter-Claimants Will Be Prejudiced if the Clerk's Default is Set Aside. ...................................13

            a.   The State Court Action Has Not Advanced Beyond the Pleadings Stage as to Moving Claimants. ........................15

            b.   There are 25 Named but Unserved Foreign Doe Defendants with No Notice of this Action and Similar Claims....................................................................................15

        2.   Moving Claimants Did Not Engage in Any Culpable Conduct Leading to the Default. .............................................16

            a.   Moving Claimants Did Not Have Notice of the LOLA Proceeding and Associated Deadlines..............................17

            b.   Moving Claimants Did Not Have Notice of and Are Not Bound by the Stipulation.................................................17

            c.   Moving Claimants Cannot Be Forced to Accede to the Stipulation........................................................................18

        3.   Moving Claimants Have a Meritorious Defense to Counter-Claimants' Product Liability Claims. ..........................19

            a.   Meet-and-Confer Requirements.....................................19

IV.   CONCLUSION .................................................................................................20

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

# <u>TABLE OF AUTHORITIES</u>

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

Page(s)

**Cases**

*Egelhoff v. Egelhoff ex rel. Breiner*,
    532 U.S. 141 (2001) ...............................................................................16

*Guan v. Deng*,
    2014 WL 1347380, 2014 AMC 1295 (N.D. Cal. April 3, 2014) ...................12

*In re Live Life Bella Vita LLC*,
    115 F. 4th 1188, 2024 AMC 517 (9th Cir. 2024) ...........2, 3, 5, 8, 9, 11, 14, 17

*Langnes v. Green*,
    282 U.S. 531, 1931 AMC 511 (1931) .........................................................17

*Lewis v. Lewis & Clark Marine, Inc.*,
    531 U.S. 438 (2001) ...........................................................................6, 17

*Matter of G&J Fisheries, Inc.*,
    598 F. Supp. 3d 18 (D. Mass. 2022) ...........................................................12

*Meyer v. New England Fish Co. of Oregon*,
    136 F.2d 315, 1943 AMC 823 (9th Cir. 1943)...............................................12

*Odeco Oil and Gas Co., Drilling Div. v. Bonnette*,
    74 F.3d 671, 1996 AMC 913 (5th Cir. 1996)..........................................2, 3, 6

*TCI Grp. Life Ins. Plan v. Knoebber*,
    244 F.3d 691 (9th Cir. 2001) ...........................................................16, 19

*Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*,
    313 F.2d 359, 1963 AMC 349 (5th Cir. 1963)...............................................12

*U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*,
    615 F.3d 1085 (9th Cir. 2010) .........................................................11, 19

*VIP Outdoors, Inc. v. Markel Am. Ins. Co.*,
    2021 WL 2550564, 2021 AMC 281 (W.D. Wash June 22, 2021).................12

*Willis ex. rel. Estate of Williams v. Williams Sports Rentals, Inc.*,
    2023 WL 3344092, 2023 AMC 280 (E.D. Cal. May 9, 2023) .1, 11, 13, 16, 19

**Statutes**

28 U.S.C. § 1333(1)................................................................................5

46 U.S.C. §§ 30501................................................................................1

**Rules**

Fed. R. Civ. Proc. 19(c) ................................................................................. 8

Fed. R. Civ. Proc. 55(c) ............................................................................ 1, 11

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

## I.    **INTRODUCTION**

Moving Claimants, pursuant to this Court's order dated June 17, 2025 (ECF No. 199) and Rule 55(c) of the Federal Rules of Civil Procedure, for good cause, request that this Court set aside the Clerk's default entered on August 6, 2020 (ECF No. 157) to allow them to file claims for indemnity and contribution against Petitioners in this Vessel Owners Limitation of Liability Act, 46 U.S.C. §§ 30501-29 ("LOLA") proceeding.[1] *See Willis ex. rel. Estate of Williams v. Williams Sports Rentals, Inc.*, 2023 WL 3344092, 2023 AMC 280 (E.D. Cal. May 9, 2023) (granting motion to set aside June 2017 clerk's default in limitation proceedings nearly six years after entry to allow contribution claims against vessel owners). This Court previously considered and denied without prejudice a motion to set aside the Clerk's default filed by Claimant Murata Electronics North America, Inc. ("MENA") (ECF Nos. 193-95) on the basis that MENA failed to properly address the potential prejudice to Counter-Claimants in the LOLA proceeding[2] (rather than to Petitioners only) of "undoing the four years the Counter-Claimants have spent litigating . . . in state court." *See* ECF No. 199, Order, at 3-4; *see also* ECF No. 202, Joint Semi-Annual Status Report, at 5.

---

[1] Petitioners are the owners of the dive vessel *Conception*, Truth Aquatics, Inc. and Glen Richard Fritzler and Dana Jeanne Fritzler, individually and as Trustees of the Fritzler Family Trusts Dtd 7/27/92.

[2] Counter-Claimants are the representatives of 33 passengers and one crewmember who died aboard the *Conception*, a surviving crewmember who sustained personal injuries, and a company that chartered the vessel. Counter-Claimants are Plaintiffs in 13 related (but not consolidated) cases filed in the Superior Court of California, Los Angeles County, and assigned to Judge Carolyn Kuhl in the Complex Division, lead case *Nancy Fiedler, et al. v. Truth Aquatics, Inc., et al.*, Case No. 21STCV08121, and the following related cases: Case Nos. 21STCV08228, 21STCV08579, 21STCV08698, 21STCV08927, 21STCV08949, 21STCV09159, 21STCV09535, 21STCV10309, 21STCV11975, 21STCV12761, 21STCV21596, and 21STCV19921 (collectively, the "State Court Action"). *See* Declaration of Paul A. Calfo, at ¶ 3. All served "Doe Defendants" in the State Court Action join in this motion as Moving Claimants, other than OM Digital Solutions Americas, Inc. ("OMDS"). OMDS declined to join because it is pursuing dismissal on the basis that OMDS did not exist at the time of the Conception fire on September 2, 2019 and is not a proper defendant in any forum in which claims related to the Conception fire are litigated. *See* Calfo Decl. ¶ 8.

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

When Counter-Claimants stipulated with Petitioners in January 2021 to litigate their claims in state court, Counter-Claimants had not given notice of the LOLA proceedings to Moving Claimants. Nor did Counter-Claimants advise this Court that they would be adding product liability claims against Moving Claimants (and others) in the State Court Action, even though those claims were virtually certain to result in further claims for indemnity and contribution against Petitioners. This Court is bound to consider those claims in determining whether its exclusive jurisdiction is protected in the face of state court litigation against third-party claimants to the limitation fund. *See In re Live Life Bella Vita LLC*, 115 F. 4th 1188, 1198–99, 2024 AMC 517 (9th Cir. 2024) (requiring consideration of actual *and potential* third-party claims, including claims for indemnity and contribution, in determining whether to permit state court litigation to proceed); *see also Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 675, 1996 AMC 913 (5th Cir. 1996) (requiring *all claimants* to sign stipulation protecting vessel owner's rights under the LOLA before permitting state court litigation). Setting aside the default now will not prejudice Counter-Claimants, who litigated the State Court Action for nearly *three years* before naming Doe Defendants (including Moving Claimants) in January and February 2024. *See* Calfo Decl. ¶ 5. Some of the Doe Defendants were just recently served – and others have yet to be served despite being named more than a year and a half ago. *See id.* at ¶¶ 10, 11, <u>Exhibit D</u>, Mar. 11, 2024 Jt. Status Conf. Rpt., at 6-8; <u>Exhibit B</u>, Jan. 31, 2024 Doe Amendment.

If the Court had been aware that Counter-Claimants intended to prosecute product liability claims against Moving Claimants (and others) in the State Court Action, this Court would have had the opportunity to consider, as it must, the potential resulting indemnity and contribution claims against Petitioners. *Bella Vita*, 115 F. 4th at 1198–99. Likewise, if Moving Claimants had been notified of the LOLA proceeding and given the ability to assert counterclaims against Petitioners at that

time, this Court would have faced a much different scenario, with at least some claimants to the limitation fund declining to stipulate to proceeding in state court. *See* Calfo Decl. ¶ 14. The Court could not have allowed the action to proceed in state court under those circumstances. *See, e.g.*, *Odeco Oil*, 74 F.3d at 675 ("Although the claimants' interest in litigating in the forum of their choice is substantial, we will accede to that choice only *if* it is accompanied by stipulations fully protecting [the vessel owner's] right to limit liability and agreeing to abide by an admiralty court determination of the right to limit.") (emphasis in original) (citation and internal quotation marks omitted); *see also Bella Vita*, 115 F. 4th at 1201–02 ("[W]henever multiple claimants threaten a shipowner's right to limit liability, *all claimants must enter stipulations before a district court may dissolve an injunction and permit the parties to proceed in state court*.") (emphasis added). Notably, *Bella Vita* currently is proceeding in the federal district court after the Ninth Circuit's September 2024 remand for resumption of the limitation proceedings to consider third-party claims and any revised stipulations, presumably because the third-party claimants declined to stipulate. *See In re Live Life Bella Vita LLC, et al.*, Case No. 2:22-cv-09244-JLS-MAA (C.D. Cal., filed Dec. 20, 2022). Like *Bella Vita*, this matter never would have been allowed to proceed in state court in the first instance, and there would not have been four years of state court litigation to "undo[]," if all claimants to the limitation fund had been before this Court at the outset.

Moreover, the State Court Action, though pending for four years, has not advanced to the point that resuming this LOLA proceeding now would result in any prejudice to Petitioners or Counter-Claimants. To the contrary, since the state court issued a discovery stay on March 18, 2024, shortly after Moving Claimants were named in the State Court Action, discovery has been stayed, and neither Moving Claimants nor Counter-Claimants has engaged in or responded to discovery. *See* Calfo Decl. ¶¶ 16, 17, <u>Exhibit E</u>, Counter-Clmts.' Mar. 22, 2024 Notice of Ruling, at

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

2. Twenty-five foreign Doe Defendants in the State Court Action have not been served (or notified of this Court's order). *Id.* at ¶¶ 9-10, 12. No trial date has been set. *Id.* at ¶ 16. Instead, Counter-Claimants spent nearly eight months after naming Moving Claimants in the State Court Action repleading their claims against Moving Claimants. *Id.* at ¶ 15. The state court then permitted briefing of pleadings challenges by Moving Claimants, which were only recently resolved, in March to May 2025. *Id.* at ¶ 18, <u>Exhibit J</u>, Mar. 18, Apr. 22, and May 12, 2025 State Court Orders.

Moving Claimants now promptly, and in accordance with this Court's order (ECF No. 199), move to set aside the Clerk's default to permit them to file claims for indemnity and contribution in this proceeding. Moving Claimants respectfully suggest that there is no risk of prejudice to either Petitioners or Counter-Claimants from the relief requested in this motion, and that the good cause standard has been satisfied in all other respects.

## II.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A.    The LOLA Proceeding

As summarized in Petitioners' and Counter-Claimants' most recent Joint Semi-Annual Status Report filed on August 1, 2025 (ECF No. 202), this litigation arises out of a September 2, 2019 fire aboard the *Conception*. Petitioners filed this action three days later, on September 5, 2019, seeking to limit their liability under the LOLA. ECF No. 1, Petrs.' LOLA Compl. The Court ordered Petitioners to notify those asserting claims from which Petitioners sought exoneration or limitation of liability under the LOLA and to publish in <u>The Los Angeles Times</u> a notice of the LOLA proceeding for four successive weeks beginning no later than October 10, 2019. *See* ECF No. 15, Monition Order. The Court set a deadline of July 1, 2020 for the filing of claims. *See id.* Counter-Claimants, who *did* have actual notice of the LOLA proceeding, filed answers and counterclaims starting in 2019 and continuing throughout 2020. *See* ECF No. 194, Counter-Clmts.' Opp. to MENA's Mtn., at 3. On August 6, 2020, at

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

Petitioners' request (ECF No. 156), the Clerk took the defaults of all those "who ha[d] not timely filed and served a claim" including those, like Moving Claimants, with no actual notice of the LOLA proceeding. *See* ECF No. 157, Clerk's Default.[3]

On August 28, 2020, shortly after the Clerk's entry of default, Petitioners and Counter-Claimants reported to this Court that Petitioners anticipated "identify[ing] potentially culpable third-parties (e.g. lithium-ion battery defendants)" after release in November 2020 of a report on the *Conception* fire by the National Transportation Safety Board (NTSB). *See* ECF No. 164, Rule 26 Joint Rpt., at 5, 13, 15, 16. The joint report further noted that Petitioners anticipated those "lithium-ion battery defendants" would be third-party defendants in the LOLA proceeding. *See id.* at 16. On January 22, 2021, Petitioners and Counter-Claimants filed a Joint Stipulation (the "Stipulation") (ECF No. 177) in which Counter-Claimants sought to "exercise the rights 'saved' to them by 28 U.S.C. § 1333(1) [the savings to suitors clause] to prosecute their claims *against* [*Petitioners*]. . . ." ECF No. 177, Stip., at 3 (emphasis added). In the Stipulation, Counter-Claimants did not identify their anticipated claims *against Moving Claimants* (or any of the other Doe Defendants ultimately named by Counter-Claimants in the State Court Action some three years later). *See id.*

The Court approved the Stipulation (ECF No. 179), without knowledge that Counter-Claimants also sought to prosecute claims against Moving Claimants that likely would give rise to third-party indemnity and contribution claims that this Court should have been able to consider in permitting the action to proceed in state court pursuant to the Stipulation. This Court now must consider those claims and their impact on this Court's exclusive jurisdiction. *See Bella Vita*, 115 F. 4th at 1198–99 (requiring consideration of actual *and potential* third-party claims, including claims for indemnity and contribution, in determining whether to permit state court litigation

---

[3] Even if notice was duly published in <u>The Los Angeles Times</u>, the majority of Moving Claimants and the other Doe Defendants in the State Court Action are not citizens of California and would not have received notice by publication. *See* Calfo Decl. ¶ 13.

against vessel owners to proceed); *see also Odeco Oil*, 74 F.3d at 675. If Petitioners and Counter-Claimants had advised the Court of those claims and given notice to Moving Claimants of the LOLA proceeding, Moving Claimants would have had the opportunity to assert their claims, and any one or more of them would have had the right to withhold its stipulation to proceeding in state court. *See* Calfo Decl. ¶ 14. Petitioners and Counter-Claimants therefore would have been unable to enter the Stipulation that enabled this matter to proceed in state court. *See, e.g.*, *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001) ("If the district court concludes that the vessel owner's right to limitation will not be adequately protected—*where for example a group of claimants cannot agree on the appropriate stipulations . . .*—the court may proceed to adjudicate the merits, deciding the issues of liability and limitation.") (citation omitted) (emphasis added).

## B.    The State Court Action

Pursuant to the Stipulation, beginning on March 1, 2021, Counter-Claimants (as Plaintiffs) filed individual wrongful death and personal injury complaints initiating the State Court Action against Petitioners (as Defendants) and others, including unnamed Doe Defendants alleged to have designed, manufactured, assembled, inspected, packaged, and sold electronic equipment, including rechargeable batteries, aboard the *Conception* at the time of the fire. ECF No. 202, Jt. Semi-Annual Status Rpt., at 3; Calfo Decl. ¶ 4. Counter-Claimants filed a Master Complaint in the State Court Action on July 6, 2021, a "Final" Amended Master Complaint on September 10, 2021, and a Second Amended Master Complaint on August 31, 2022. *See* Calfo Decl. ¶¶ 4, 5, Exhibit A, Second Am. Master Compl.; ¶¶ 32-33.

Almost three years after filing their original complaints (and more than three years after the Clerk's entry of default), between January 31, 2024 and February 2024, Counter-Claimants filed 61 Doe Amendments to the Second Amended Master

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

6

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

Complaint in the State Court Action, naming *for the first time* the Doe Defendants, some of which are Moving Claimants. *See id.* at ¶ 5. Moving Claimants now ask this Court to set aside the Clerk's default to assert their claims in the LOLA proceeding. Moving Claimants were unaware of the LOLA proceeding until after they were served in the State Court Action. *Id.* at ¶ 4. Of the 61 newly named Doe Defendants, 25 are foreign entity defendants, *none of which has been served to date*. *See id.* at ¶¶ 9, 11, Ex. D, Mar. 11, 2024 Jt. Status Conf. Rpt., at 6-8; Exhibit F, Jun. 18, 2024 Jt. Status Conf. Rpt., at 3, fn.1, 29-32; Exhibit H, Aug. 20, 2025 Status Conf. Tr., at 11. Each of those 25 foreign Doe Defendants also has potential claims in the LOLA proceeding.[4]

Counter-Claimants filed a Third Amended Master Complaint on May 17, 2024. *Id.* at ¶ 13. On October 1, 2024, Counter-Claimants filed a Fourth Amended Master Complaint, with a corrected version filed on October 8, 2024 (the "Operative Complaint"). *See* ECF No. 202, Jt. Semi-Annual Status Rpt., at 4; Calfo Decl. ¶ 14, Exhibit I, Operative Compl. Moving Claimants therefore have had notice of Counter-Claimants' operative product liability claims against them for less than one year at the time of this filing. *See id.*

Discovery has been stayed in the State Court Action since March 18, 2024, shortly after the Doe Defendants were first named. Calfo Decl. ¶¶ 11, 16-18, Ex. D, Mar. 11, 2024 Jt. Status Conf. Rpt., at 6-8; Ex. E, Mar. 22, 2024 Notice of Ruling, at 2; Exhibit J, State Court Orders, at 24. After the filing of the Operative Complaint on October 8, 2024, several of the served Doe Defendants, including Moving Claimants, jointly demurred to the Operative Complaint and moved to strike the allegations related to a "market share" theory of liability. ECF No. 202, Jt. Semi-Annual Status

---

[4] At the August 20, 2025 status conference in the State Court Action, Counter-Claimants represented to the state court that they had translated the pleadings but had not otherwise taken steps to effectuate service on any of the foreign Doe Defendants. *See id.* at ¶¶ 11, 12, Ex. D, Mar. 11, 2024 Jt. Status Conf. Rpt., at 6-8; Ex. H, Status Conf. Tr., at 11.

Rpt., at 4-5; Calfo Decl. ¶ 18, Ex. J, State Court Orders at 24. The demurrers sought dismissal of the claims against the Doe Defendants on statute of limitations grounds, for failure to state a claim, and on jurisdictional grounds. *Id.* The state court heard and decided the demurrers and motion to strike on March 18, April 22, and May 12, 2025, overruling the demurrers and granting the motion to strike. *Id.* Accordingly, through the date of MENA's motion to set aside the Clerk's entry of default (ECF No. 193), the only progress in the State Court Action vis-à-vis Moving Claimants was the filing and resolution by the state court of pleadings challenges by certain of the Doe Defendants. *See id.*[5]

The state court overruled MENA's jurisdictional demurrer, in which Moving Claimants joined, in part because *this* Court has exclusive jurisdiction to decide issues affecting the LOLA proceeding, including the impact of potential or actual third-party claims for indemnity or contribution. *See* Calfo Decl. ¶ 18, Ex. J, State Court Orders, at 23-24; *see also Bella Vita*, 115 F. 4th at 1198–99. In overruling the jurisdictional demurrer, the state court took judicial notice that: "(1) Plaintiffs [Counter-Claimants] do not seek any rights or remedies under California law in these related proceedings, including but not limited to any California statute"; and "(2) *Plaintiffs did not advise the federal court overseeing the limitation proceedings of any other parties under Federal Rules of Civil Procedures [Rule] 19, subdivision (c), of the potential of filing claims against Defendant Murata Electronics North America, Inc. or other entities.*" *Id.* at ¶ 18, Ex. J, State Court Orders, at 21 (emphasis added).

After the state court ruled on those pleadings challenges in March to May 2025, the discovery stay remained in place, with the Doe Defendants ordered to respond to the Operative Complaint by June 6, 2025. ECF No. 202, Jt. Semi-Annual Status Rpt.,

---

[5] Once the 25 foreign Doe Defendants are served, they likely will have additional demurrers or other pleadings challenges that will not be filed or resolved for some time, making it unlikely that the State Court Action will progress beyond the pleadings stage in the coming months.

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

at 5; Calfo Decl. ¶¶ 11, 16-18, 19, <u>Ex. J</u>, State Court Orders, at 24; <u>Ex. E</u>, Counter-Clmts.' Mar. 22, 2024 Notice of Ruling, at 2. As of the date of this filing, the discovery stay has not been lifted, except to permit Counter-Claimants' service of a single third-party subpoena and limited discovery related to a forthcoming summary judgment motion of a non-Doe Defendant. *Id.* at ¶ 16, <u>Ex. H</u>, Aug. 20, 2025 Status Conf. Tr., at 11. Certain Moving Claimants have filed cross-complaints asserting claims for indemnity and contribution against other defendants to the State Court Action. *Id.* at ¶ 19, <u>Exhibit K</u>, OCA Cross-Compl. Moving Claimants now seek to assert in this LOLA proceeding claims for indemnity and contribution against Petitioners over which this Court has exclusive jurisdiction – and which they could not assert in the State Court Action for that reason.

### III.   LAW AND ARGUMENT

Moving Claimants did not have notice of the deadline to answer Petitioners' Rule F(5) Petition prior to the Clerk's entry of default, as they were not named or served in this LOLA proceeding at that time. When Petitioners and Counter-Claimants stipulated to proceeding in state court in January 2021, Counter-Claimants already intended to pursue the product liability claims against Moving Claimants that give rise to Moving Claimants' counterclaims for indemnity and contribution against Petitioners. *See* ECF No. 164, Rule 26 Jt. Rpt., at 5, 16. Counter-Claimants entered a stipulation agreeing to protect Petitioners' statutory limitation rights – and then filed new claims in the State Court Action that jeopardize those rights. *See Bella Vita*, 115 F. 4th at 1200–01. When it became clear, years later, that the state court intended to allow those claims to proceed against Moving Claimants, and after this Court denied without prejudice MENA's motion to set aside the Clerk's entry of default (ECF No. 193), Moving Claimants filed this motion.

Counter-Claimants argue that they will be prejudiced because Moving Claimants waited too long to seek to set aside the Clerk's default. *See* ECF No. 194,

Counter-Clmts.' Opp. to MENA's Mtn., at 9-11. They suggest the State Court Action is too far advanced and permitting Moving Claimants to assert indemnity and contribution counterclaims in the LOLA proceeding less than a year after they filed their Operative Pleading – and just three months after Moving Claimants filed their answers and certain Moving Claimants filed contribution claims against others in the State Court Action – would prejudice them. That suggestion, however, ignores that the State Court Action remains in its preliminary stages and discovery remains stayed.

Counter-Claimants would suffer no prejudice because the State Court Action, though pending for more than four years, has not advanced beyond the pleadings stage as against Moving Claimants, nor is it likely to advance so long as Counter-Claimants continue to delay in effecting service on 25 of the 61 Doe Defendants newly named in that action as of February 2024. Calfo Decl., at ¶¶ 9, 11, Ex. D, Mar. 11, 2024 Jt. Status Conf. Rpt., at 6-8; Ex. F, Jun. 18, 2025 Jt. Status Conf. Rpt., at 3, fn.1, 29-32; Ex. H, Aug. 20, 2025 Status Conf. Tr., at 11. Those foreign Doe Defendants almost certainly will pursue the same relief sought by Moving Claimants in this motion, and neither Petitioners nor Counter-Claimants can have any argument of prejudice as to those unserved and unnotified claimants to the limitation fund. This Court therefore likely will face this same issue down the road if it does not set aside the Clerk's default now, take jurisdiction of the LOLA proceeding and enjoin the State Court Action, and require Counter-Claimants to give notice to the 25 other interested potential claimants it has named.

There also is a discovery stay in place,[6] and the state court has made no substantive rulings as to Moving Claimants, other than to grant Doe Defendants'

---

[6] The state court stayed discovery to allow Counter-Claimants to finalize their pleadings, to permit pleadings challenges, to allow the parties to secure access to inspect and test the *Conception* fire artifacts, including electronic devices and lithium-ion batteries retrieved from the wreckage and currently maintained and controlled by the Department of Justice (DOJ), and to allow the federal criminal trial of *Conception* Captain Jerry Boylan to proceed to verdict. All parties to the State Court Action have represented to the state court that no

*{footnote continued}*

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

motion to strike Counter-Claimants' market share theory allegations and to deny Doe Defendants' demurrers. Calfo Decl., ¶¶ 11, 16-18, Ex. E, Counter-Clmts.' Mar. 22, 2024 Notice of Ruling, at 2; Ex. J, State Court Orders. Though Counter-Claimants argue Moving Claimants have known of the LOLA proceeding since at least April 14, 2024, ECF No. 194, Opp. to MENA's Mtn., at 5, they make no mention of the fact that they did not file their Operative Complaint against Moving Claimants until October 2024, and pleadings challenges as to the Operative Complaint were not fully resolved until May 2025, less than five months ago. Given that the State Court Action has not advanced beyond the pleadings stage as to Moving Claimants, neither Petitioners nor Counter-Claimants will suffer any prejudice from this Court setting aside the Clerk's default and exercising its exclusive jurisdiction.

If the Court sets aside the default, this LOLA proceeding will include the parties and claims that should have been before this Court at the outset, and that would have prevented the case from proceeding in state court by stipulation. *See Bella Vita*, 115 F. 4th at 1198–99.

## A.    **Legal Standard**

A clerk's entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). "To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010); *Willis ex. rel. Estate of Williams v.*

---

discovery plan should be adopted until such time as all parties have had an opportunity to inspect and test that evidence. *See* Calfo Decl. ¶¶ 16-17, Ex. D, Mar. 11, 2024 Jt. Status Conf. Rpt., at 7-8 ("The Parties' initial focus in discovery will be on obtaining access to the evidence held by the DOJ. . . . After the Parties have had an opportunity to examine the electronics, the Parties propose submitting a further Discovery Plan to the Court."). Captain Boylan was convicted of Seaman's Manslaughter in November 2024. Calfo Decl. at ¶ 17. That conviction currently is on appeal before the Ninth Circuit. *Id.*

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

*Williams Sports Rentals, Inc*., 2023 WL 3344092, *2, 2023 AMC 280 (E.D. Cal. May 9, 2023).

"Admiralty is administered with equitable liberality." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co*., 313 F.2d 359, 362, 1963 AMC 349 (5th Cir. 1963). "[T]he granting or withholding of permission to file claims after the expiration of the monition period is discretionary with the trial court." *Meyer v. New England Fish Co. of Oregon*, 136 F.2d 315, 316, 1943 AMC 823 (9th Cir. 1943). As MENA observed in its motion, setting aside defaults entered after a monition period is not unusual, even where a claimant was aware of a limitation action yet failed to appear and make a claim prior to entry of default. *See Guan v. Deng*, 2014 WL 1347380, 2014 AMC 1295 (N.D. Cal. April 3, 2014) (setting aside default of claimants served with notice of limitation action); *VIP Outdoors, Inc. v. Markel Am. Ins. Co*., 2021 WL 2550564, 2021 AMC 281 (W.D. Wash June 22, 2021) (setting aside default where claimants' counsel aware of limitation action but misinterpreted deadlines). Though Moving Claimants have the burden of establishing good cause, "the philosophy that actions should ordinarily be resolved on their merits dictates" that this Court "should resolve doubts in favor of a party seeking relief from entry of default." *Matter of G&J Fisheries, Inc.*, 598 F. Supp. 3d 18, 21 (D. Mass. 2022) (citation and internal quotation marks omitted).

**B.     <u>There is Good Cause to Set Aside the Clerk's Default.</u>**

In denying MENA's motion to set aside the Clerk's default, this Court expressed concern that "[p]ermitting MENA and other potential claimants to proceed without the protections afforded to Petitioners by the stipulated conditions would involve undoing the four years the Counter-Claimants have spent litigating on not just their claims against Petitioners in state court in a manner consistent with the savings

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

1  to suitors clause and their right to a jury trial, but also their state law claims[7] against

2  MENA and the other defendants named in the operative complaint in the state court

3  action." ECF No. 199, Order, at 3-4. Moving Claimants therefore address the

4  prejudice element of the analysis first.

### 1.  <u>Neither Petitioners nor Counter-Claimants Will Be Prejudiced if the Clerk's Default is Set Aside.</u>

7  "To be prejudicial, the setting aside of a [default] judgment must result in

8  greater harm than simply delaying resolution of the case." *Willis*, 2023 WL 3344092

9  at *2 (citation omitted). "Only tangible harm, such as the loss of evidence,

10  complication of discovery, or the risk of fraud, will support the denial of a motion to

11  set aside the entry of default." *Id.* (internal quotation marks omitted). "A party is not

12  prejudiced if forced only to litigate the merits of his case." *Id.*

13  This Court expressed concern that setting aside the Clerk's default would

14  "undo[] the four years the Counter-Claimants have spent litigating . . . in state court."

15  ECF No. 199, Order, at 4. Though the State Court Action has been pending since

16  March 2021, Counter-Claimants will not be prejudiced if the Clerk's default is set

17  aside because, *inter alia*:

18  (1) The Doe Defendants. Counter-Claimants substituted 61 named defendants

19  for fictitious Doe Defendants in the State Court Action for the first time in January

20  and February 2024, but only 27 of those Doe Defendants have been served and

21  appeared in the State Court Action. Calfo Decl. at ¶¶ 6-8, 11, <u>Ex. D</u>, Mar. 11, 2024 Jt.

22  Status Conf. Rpt., at 6-8; <u>Ex. F</u>, June 18, 2025 State Court Jt. Status Conf. Rpt., at

23  3n.1, 29-32; <u>Ex. H</u>, Aug. 20, 2025 Status Conf. Tr., at 11.

---

[7] As set out in Moving Claimants' Request for Judicial Notice, as was in MENA's motion, Counter-Claimants have specifically acknowledged that they are not making any claims under California law, and their claims are purely maritime claims. *See* Moving Claimants' Request for Judicial Notice, Ex. A; *see also* ECF No. 193-1, at 7:4-18 (MENA's motion); *see also* ECF No. 193-2, at 2:1-28 (request for judicial notice); ECF No. 193-3, at 13 (exhibit).

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

(a)    Domestic Doe Defendants. Counter-Claimants named 36 domestic Doe Defendants and served 35 of those domestic entities in the State Court Action, four of which have not appeared and none of which were on notice of their counterclaims for indemnity and contribution against Petitioners until the state court recognized the purported viability of Counter-Claimants' product liability claims against them in March to May 2025. *Id.* at ¶¶ 7-8, 11, 17-18, Ex. D, Mar. 11, 2024 Jt. Status Conf. Rpt., at 6-8; Ex. F, June 18, 2025 State Court Jt. Status Conf. Rpt., at 3, fn.1, 29-32; Ex. J, State Court Orders.

(b)    Foreign Doe Defendants. In February 2024, Counter-Claimants named 25 foreign Doe Defendants in the State Court Action but have not served any of them. *Id.* at ¶¶ 11, 12, 17, Ex. D, Mar. 11, 2024 Jt. Status Conf. Rept., at 6-8; Ex. F, June 18, 2025 Jt. Status Conf. Rpt., at 3, fn.1, 29-32; Ex. H, Aug. 20, 2025 Status Conf. Tr., at 11. If this Court denies this motion, when Counter-Claimants eventually serve those 25 foreign Doe Defendants, they are likely to request this same relief in the LOLA proceeding. By setting aside the Clerk's default now, this Court can ensure that Counter-Claimants provide notice to all potentially interested parties so that it can consider all actual and potential claims for indemnity or contribution, as it is required to do. *Bella Vita*, 115 F. 4th 1188.

(2)    There is no trial date set in the State Court Action. Though the State Court Action has been pending since March 2021, Counter-Claimants did not file their Operative Complaint until October 2024, and no trial date has been set. Calfo Decl. ¶¶ 15-16, Ex. I, Operative Compl.

(3)    Discovery is stayed. In the time since Moving Claimants and the other Doe Defendants were named in the State Court Action, discovery has been stayed, and the State Court Action has not progressed beyond the pleadings stage as to Moving Claimants. Calfo Decl. ¶¶ 11, 16-19, Ex. D, Mar. 11, 2024 Jt. Status Conf. Rpt., at 7-8; Ex. E, Counter-Clmts.' Mar. 22, 2024 Notice of Ruling, at 2; Ex. J, State

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

14

Court Orders, at 24. There also is no discovery plan or case management order on discovery in the State Court Action. *See id.* at ¶¶ 5, 6, 11, Ex. D, Mar. 11, 2024 Jt. Status Conf. Rpt., at 7-8.

Neither Petitioners nor Counter-Claimants will be prejudiced if the Court exercises its discretion to set aside the Clerk's default. To the contrary, returning the case to this Court for resolution of the limitation issues will uncomplicate discovery and result in greater efficiency, benefitting all parties.

### a.   **The State Court Action Has Not Advanced Beyond the Pleadings Stage as to Moving Claimants.**

The State Court Action has not progressed beyond the pleadings stage as to Moving Claimants, with the Doe Defendants' challenges to the Operative Complaint resolved (in part in Moving Claimants' favor) just four months ago, in March to May 2025. Calfo Decl. ¶ 18, Ex. J, State Court Orders. As discussed previously, discovery has been, and likely will continue to be, stayed pending consent by both the DOJ and counsel for Captain Boylan to (and completion of) inspections and destructive testing of the fire artifacts that Counter-Claimants have repeatedly indicated are central to their ability to prosecute their claims in the State Court Action, including to identify which, if any, of the 61 Doe Defendants have products that allegedly caused or contributed to cause the loss. *Id.* at ¶¶ 15, 18, Ex. I, Operative Compl., at ¶ 139.

### b.   **There are 25 Named but Unserved Foreign Doe Defendants with No Notice of this Action and Similar Claims.**

This Court ordered Counter-Claimants to provide a copy of the order denying MENA's motion without prejudice "to all defendants they have *named* in the state court action by no later than July 7, 2025" and notify them of the October 20, 2025 deadline for hearing on any further motions for relief from the Clerk's default. ECF No. 199, Order, at 4 (emphasis added). Counter-Claimants provided notice to the served Doe Defendants that have to date appeared in the State Court Action via the

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

state court's Case Anywhere filing system. Calfo Decl. ¶ 10, <u>Exhibit C</u>, at 2-3, 11-26. Moving Claimants are not aware of any effort by Counter-Claimants to provide notice to the named but unserved foreign Doe Defendants. *Id.* at ¶¶ 11-12, <u>Ex. H</u>, Aug. 20, 2025 Status Conf. Tr., at 11. As a result, this Court is likely to again face potential third-party claims for indemnity and contribution from those unserved foreign Doe Defendants if and when they are served in the State Court Action. Counter-Claimants cannot be heard to complain that they have been prejudiced when they have not even secured service on *almost one-third* of the Doe Defendants that they first identified a year and a half ago.[8]

## 2. **Moving Claimants Did Not Engage in Any Culpable Conduct Leading to the Default.**

A "defaulting defendant acts 'culpably' if he had notice of the lawsuit but intentionally declined to answer." *Willis*, 2023 WL 3344092 at *2 (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001)). Such "'[i]ntentional' conduct in this sense is 'willful, deliberate, or . . . [in] bad faith,' rather than neglectful." *Id.* (citations omitted).

---

[8] Counter-Claimants represented to the state court nearly a year and a half ago, on March 11, 2024, that they anticipated it would take approximately six months to one year to serve the foreign Doe Defendants. *See* Calfo Decl. ¶ 11, <u>Ex. D</u>, Mar. 11, 2024 Jt. Status Conf. Rpt., at 8. At the time of their opposition to MENA's motion to set aside the Clerk's default, Counter-Claimants represented to this Court that they were "in the process of serving DOE defendants located outside of the United States through the processes of the Hague Convention." ECF No. 194, Counter-Clmts.' Opp. to MENA's Mtn., at 5, fn.2. More than two and a half months later, they represented to the state court that they have translated the pleadings in the State Court Action for service on the foreign Doe Defendants. *See* Calfo Decl. ¶ 11, <u>Ex. H</u>, Aug. 20, 2025 Status Conf. Tr., at 11. Not only have Counter-Claimants not served the foreign Doe Defendants as of the time of this filing, but it has been more than five months longer than their estimate to the state court of the <u>*longest*</u> it would take them to effect service.

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

16

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

a.    **Moving Claimants Did Not Have Notice of the LOLA Proceeding and Associated Deadlines.**

Moving Claimants did not have notice of the deadline to answer Petitioners' Rule F(5) Petition since they were not named or served as defendants in the LOLA proceeding. They could not file an answer or counterclaim in this proceeding because, at that time, they had no notice or reason to know about this LOLA proceeding, as none of them was named as a party to any litigation related to the *Conception* fire until January and February 2024. Calfo Decl. ¶ 5, <u>Ex. B</u>, Doe Amendment.

Moving Claimants also had no notice of this Court's September 11, 2019 monition order (ECF No. 15), or the Stipulation (ECF No. 177), because Counter-Claimants did not name or serve them in the State Court Action until years later, in February 2024. *Id.* at <u>Ex. A</u>, Counter-Clmts.' Second Am. Master Compl.; <u>Ex. B</u>, Doe Amendment.

b.    **Moving Claimants Did Not Have Notice of and Are Not Bound by the Stipulation.**

Moving Claimants did not have notice of the Stipulation, as the State Court Action had not yet been filed. Moreover, when the Court considered the Stipulation, the Court had not considered possible indemnity or contribution claims, as the Ninth Circuit has directed, since the Court did not know about any anticipated product liability claims against Moving Claimants (or others) in the State Court Action. *See Bella Vita*, 115 F. 4th at 1199 ("Put differently, a district court must evaluate whether a third-party has already asserted such claims, as well as whether there is 'the possibility of any other claim.'") (citing *Langnes v. Green*, 282 U.S. 531, 540, 1931 AMC 511 (1931)). Since Moving Claimants did not know of, agree to, or sign the Stipulation, they are not bound to it, and Petitioners now face uncertain liability from multiple claimants. *See, e.g.*, *Lewis* v. *Lewis & Clark Marine, Inc.*, 531 U.S. 438, 450,

17

2001 AMC 913 (2001) (in multi-claimant cases, all claimants must agree to stipulation to adequately protect vessel owner's rights under LOLA).

**c.**      <u>**Moving Claimants Cannot Be Forced to Accede to the Stipulation.**</u>

During the parties' meetings to confer regarding this motion, and as urged in their opposition to MENA's prior motion, ECF No. 194, Counter-Clmts.' Opp. to MENA's Mtn., at 8, Counter-Claimants offered to agree to setting aside the Clerk's default to allow Moving Claimants to file their counterclaims for indemnity and contribution in return for their accession to the Stipulation or agreement to stay the LOLA proceeding after the filing of those claims. Moving Claimants are not required to accede to the Stipulation to exercise their right to file counterclaims in the LOLA proceeding. Indeed, if Moving Claimants had been included in the LOLA proceeding at the outset, they would not have agreed to the Stipulation, and this matter never would have ended up in state court in the first instance. Counter-Claimants instead obtained the Stipulation without involving Moving Claimants, only to add them to the State Court Action after almost three years of litigation. They now attempt to use the pendency of the State Court Action as a basis for arguing prejudice.

Good cause exists to set aside the Clerk's default so that all potential and actual claims can be properly brought before this Court, which has exclusive jurisdiction over those claims. Unless this Court sets aside the default, Moving Claimants and other potential claimants to the limitation fund – including the 25 foreign Doe Defendants that Counter-Claimants still have not served – will be deprived of rights through no culpable conduct or fault of their own, as they were not provided effective notice or given an opportunity to file claims against Petitioners in the LOLA proceeding. Many of these claimants are yet-unserved foreign claimants based abroad, or claimants outside of California (where notice by publication was provided).

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

### 3.    Moving Claimants Have a Meritorious Defense to Counter-Claimants' Product Liability Claims.

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Willis*, 2023 WL 3344092 at *2 (emphasis added) (citing *Mesle*, 615 F.3d at 1094). This is not an "extraordinarily heavy" burden but is of a "minimal nature[.]" *Ibid.* (citing *TCI Grp.*, 244 F.3d at 700). Here, Moving Claimants dispute liability, and neither Petitioners nor Counter-Claimants have shown this Court whether any particular electronic device or battery product was onboard Petitioner's vessel such that one *might* have caused or contributed to the loss. Moreover, even if any of Moving Claimants' products were on board the vessel, Petitioners and Counter-Claimants cannot prove that any such product caused the loss. In contrast, Moving Claimants assert that their products did not cause the loss and that other conditions, including other items aboard the *Conception* and the unfit and unseaworthy crew Petitioners employed (including Captain Boylan, recently convicted of Seaman's Manslaughter), did.

Counter-Claimants continue to communicate with the DOJ to try to inspect and test the evidence needed to establish Moving Claimants' potential fault, an effort that undoubtedly would assist Petitioners in their LOLA proceeding. This Court can facilitate such an inspection, progressing the claims against Moving Claimants toward resolution.

### a.    Meet-and-Confer Requirements

This motion is made after OCA, on behalf of Moving Claimants, along with Claimant PAWW, LLC, met and conferred with Petitioners, Counter-Claimants, the original defendants, and all Doe Defendants who have appeared in the State Court Action as required by this Court's order (ECF No. 199) and Local Rule 7-3. *See* Calfo Decl. ¶¶ 20-29. The parties were unable to reach agreement, including via stipulation, regarding proceeding in state court.

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

19

## IV.   <u>CONCLUSION</u>

If this motion is granted, no party will suffer prejudice, all parties would benefit, and Petitioners' limitation rights and this Court's exclusive jurisdiction would be protected. Based on the arguments and evidence submitted, Moving Claimants respectfully request that this Court set aside the Clerk's default entered before they had notice of this LOLA proceeding, so that they can assert claims for indemnity and contribution, and to protect this Court's exclusive jurisdiction.

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Dated:  September 19, 2025

**HUSCH BLACKWELL LLP**

355 S. Grand Avenue. Suite 2850
Los Angeles, California 90071
Telephone: 213.337.6550
Facsimile: 213.337.6551
brad.dejardin@huschblackwell.com
patricia.alberts@huschblackwell.com
paul.calfo@huschblackwell.com

By: */s/ Paul A. Calfo*
Paul A. Calfo (CA Bar No. 336916)
Bradford J. DeJardin (CA Bar No. 195764)
Patricia B. Alberts (CA Bar No. 229333)

Attorneys for
**CLAIMANT OLYMPUS
CORPORATION OF THE AMERICAS**

Dated:  September 19, 2025

**PERKINS COIE LLP**

11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Telephone: (858) 720-5700
Facsimile: (858) 720-5799
tshinall@perkinscoie.com
rhartman@perkinscoie.com
kcole@perkinscoie.com

By: */s/ Tara Shinall*
Tara Shinall (CA Bar No. 353302)
Ray Hartman III (CA Bar No. 211205)
Kyle Cole (CA Bar No. 319102)

Attorneys for
**CLAIMANT AMAZON.COM, INC.**

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

21



Dated:  September 19, 2025

**GIBSON, DUNN, & CRUTCHER LLP**

333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
cchorba@gibsondunn.com
wsze@gibsondunn.com
rluskin@gibsondunn.com

**ARENT FOX SCHIFF LLP**

555 West Fifth Street, 48th Floor
Los Angeles, California 90013
Telephone:  213.629.7400
Facsimile: 213.629.7401
sara.schneider@afslaw.com
jessica.do@afslaw.com

By: */s/ Christopher Chorba*
    Christopher Chorba (CA Bar No. 216692)
    Wesley Sze (CA Bar No. 306715)
    Roark Luskin (CA Bar No. 341761)
    Sara Schneider (CA Bar No. 298103)
    Jessica Do (CA Bar No. 317517)

Attorneys for
**CLAIMANT APPLE INC.**

Dated:  September 19, 2025

**MURPHY SANCHEZ PLLC**

4040 Civic Center Drive, Suite 200
San Rafael, California 94903
Telephone:  (628) 386-1805
Facsimile:  (215) 799-9349
jsanchez@murphysanchez.com

By: */s/ Jennifer Sanchez*
    Jennifer Sanchez (CA Bar No. 191548)

Attorneys for
**CLAIMANT BATTERIES PLUS LLC**

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

22

1

Dated:  September 19, 2025

2

3

4

5

6

7

8

9

10

11

12

Dated:  September 19, 2025

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
gary.pancer@wilsonelser.com
adam.wayne@wilsonelser.com

By: */s/ Gary Pancer*
    Gary Pancer (CA Bar No. 160223)
    Adam Wayne (CA Bar No. 332534)

Attorneys for
**CLAIMANT BATTERY STORE, INC.**

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

555 S. Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
gregory.lee@wilsonelser.com
danielle.rivera@wilsonelser.com

By: */s/ Gregory Lee*
    Gregory K. Lee (CA Bar No. 220354)
    Danielle C. Rivera (CA Bar No. 341009)

Attorneys for
**CLAIMANT BLUE NOOK CORP. D/B/A WASABI POWER**

23

Dated:  September 19, 2025

**BOWMAN AND BROOKE LLP**

600 Anton Blvd., Suite 650
Costa Mesa, California 92626
Telephone: (310) 380-6500
Facsimile: (310) 525-6600
prentice.schanz@bowmanandbrooke.com
carissa.casolari@bowmanandbrooke.com

By: */s/ C. Prentice Schanz*
    C. Prentice Schanz (CA Bar No. 319169)
    Carissa Casolari (CA Bar No. 292878)

Attorneys for
**CLAIMANT CANON U.S.A., INC.**

Dated:  September 19, 2025

**MURPHY, PEARSON, BRADLEY & FEENEY**

500 Capitol Mall, Suite 1080
Sacramento, California 95814
Telephone: (916) 565-0300
Facsimile:  (916) 565-1636
hbroomand@mpbf.com
ajoea@mpbf.com

By: */s/ I. Hooshie Broomand*
    I. Hooshie Broomand (CA Bar No. 210206)
    Aman Joea (CA Bar No. 336300)

Attorneys for
**CLAIMANT DANTONA INDUSTRIES, INC., ERRONEOUSLY SUED IN THE STATE COURT ACTION AS DANTONA BATTERIES, INC. AND ERRONEOUSLY SUED IN THE STATE COURT ACTION AS ULTRALAST BATTERIES**

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

24



1

Dated:  September 19, 2025

THE SAFARIAN FIRM, APC

2

3

3150 Montrose Avenue
Glendale, California 91214
Telephone: (818) 334-8528
Facsimile: (818) 334-8107
hdp@safarianfirm.com
hs@safarianfirm.com

4

5

6

By: */s/ Hillary D. Patton*

7

Hillary D. Patton (CA Bar No. 256055)
Harry Safarian (CA Bar No. 204106)

8

Attorneys for
**CLAIMANT DURACELL U.S.
OPERATIONS, INC.**

9

10

11

12

Dated:  September 19, 2025

THE SAFARIAN FIRM, APC

13

3150 Montrose Avenue
Glendale, California 91214
Telephone: (818) 334-8528
Facsimile: (818) 334-8107
hdp@safarianfirm.com
hs@safarianfirm.com

14

15

16

17

By: */s/ Hillary D. Patton*

18

Hillary D. Patton (CA Bar No. 256055)
Harry Safarian (CA Bar No. 204106)

19

Attorneys for
**CLAIMANT DURACELL INDUSTRIAL
OPERATIONS, INC.**

20

21

22

23

24

25

26

27

28

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE
CLERK'S ENTRY OF DEFAULT

1   Dated:  September 19, 2025

2

3

4

5

6

7

8

9

10

11

12   Dated:  September 19, 2025

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE SAFARIAN FIRM, APC**

3150 Montrose Avenue
Glendale, California 91214
Telephone: (818) 334-8528
Facsimile: (818) 334-8107
Hdp@safarianfirm.com
Hs@safarianfirm.com


By: */s/ Hillary D. Patton*
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    Hillary D. Patton (CA Bar No. 256055)
    Harry Safarian (CA Bar No. 204106)

Attorneys for
**CLAIMANT THE DURACELL COMPANY**


**MCGLINCHEY STAFFORD**

2050 Main Street, Suite 550
Irvine, California 92614
Telephone: (949) 381-5925
Facsimile:  (949) 266-8643
ktickner@mcglinchey.com


By: */s/ Kere Tickner*
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    Kere Tickner (CA Bar No. 174777)

Attorneys for
**CLAIMANT DUSLAN TECHNOLOGY D/B/A ONLYBATTERIES.COM**

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE
CLERK'S ENTRY OF DEFAULT

1   Dated:  September 19, 2025

2

3

4

5

6

7

8

9

10

11

12

13   Dated:  September 19, 2025

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GREENBERG TRAURIG, LLP**

1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone:  (310) 586-7700
Facsimile:  (310) 586-7800
bisharal@gtlaw.com
ballon@gtlaw.com
changl@gtlaw.com


By: */s/ Layal Bishara*
Layal Bishara (CA Bar No. 329154)
Ian C. Ballon (CA Bar No. 141819)
Lori Chang (CA Bar No. 228142)

Attorneys for
**CLAIMANT EBAY INC.**


**BRYAN CAVE LEIGHTON PAISNER LLP**

1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone: (949) 223-7000
Facsimile:  (949) 223-7100
aileen.hunter@bclplaw.com
jasdeep.atwal@bclplaw.com


By: */s/ Aileen Hunter*
Aileen Hunter (CA Bar No. 253162)
Jasdeep Atwal (CA Bar No. 318309)

Attorneys for
**CLAIMANT ENERGIZER HOLDINGS, INC.**

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

Dated:  September 19, 2025

**EVERETT DOREY LLP**

2030 Main Street, Suite 1200
Irvine, California 92614
Telephone:  (949) 771-9233
Facsimile:  (949) 377-3110
tphernandez@everettdorey.com
severett@everettdorey.com
sdorey@everettdorey.com
sjamneshan@everettdorey.com

By: */s/ Tiffany-Paige Hernandez*
    Tiffany-Paige Hernandez (CA Bar No. 352156)
    Seymour Everett III (CA Bar No. 223441)
    Samantha Dorey (CA Bar No. 281006)
    Shirley Jamneshan (CA Bar No. 218296)

Attorneys for
**CLAIMANT GO PRO, INC.**

Dated:  September 19, 2025

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
otis.felder@wilsonelser.com

By: */s/ Otis Felder*
    B. Otis Felder (CA Bar No. 177628)
    *CSB Certified Admiralty & Maritime Law Specialist*

Attorneys for
**CLAIMANT MURATA ELECTRONICS NORTH AMERICA, INC.**

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

1   Dated:  September 19, 2025

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
valeria.granata@wilsonelser.com
natalia.duque@wilsonelser.com


By: */s/ Valeria Granata*
    Valeria Granata (CA Bar No. 305905)
    Natalia Duque (CA Bar No. 334261)

Attorneys for
**CLAIMANT PAWW, LLC**

Dated:  September 19, 2025

**KLEIN THOMAS LEE & FRESARD**

1920 Main Street, Suite 230
Irvine, California 92614
Telephone: (949) 676-4570
kristyn.wong@kleinthomaslaw.com
greg.gilmer@kleinthomaslaw.com


By: */s/ Kristyn Wong*
    Kristyn Wong (CA Bar No. 346644)
    Gregory Gilmer (CA Bar No. 212067)

Attorneys for
**CLAIMANT PANASONIC CORPORATION OF NORTH AMERICA**

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

29

Dated:  September 19, 2025

**HAWKINS PARNELL & YOUNG, LLP**

445 South Figueroa Street, Suite 3200
Los Angeles, California 90071-1651
Telephone: (213) 486-8000
Facsimile:  (213) 486-8080
efresch@hpylaw.com
eholmberg@hpylaw.com

By: */s/ Elaine Fresch*
    Elaine Fresch (CA Bar No. 119809)
    Eric Holmberg (CA Bar No. 277462)

Attorneys for
**CLAIMANT SAMSUNG SDI AMERICA, INC.**

Dated:  September 19, 2025

**YUKEVICH CAVANAUGH**

355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071
Telephone:  (213) 362-7777
Facsimile:  (213) 362-7788
jyukevich@yukelaw.com
dmoore@yukelaw.com

By: */s/ David V. Moore*
    David V. Moore (CA Bar No. 233613)
    James Yukevich (CA Bar No. 159896)

Attorneys for
**CLAIMANT SHORE POWER INC. D/B/A BATTERY JUNCTION**

1

2   Dated:  September 19, 2025

3

4

5

6

7

8

9

10

11

12

13

14   Dated:  September 19, 2025

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

**POLSINELLI LLP**

2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802
dbir@polsinelli.com
mgroseclose@polsinelli.com
dmarangoni-simonsen@polsinelli.com

By: */s/ Daniel Bir*
　　　Daniel Bir (CA Bar No. 227918)
　　　Mathew Groseclose (CA Bar No. 264680)
　　　Dominique Marangoni-Simonsen
　　　(CA Bar No. 340156)

Attorneys for
**CLAIMANT SONY ELECTRONICS INC.**

**Goldberg Segalla**

777 Tower
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
Telephone:  (213) 415-7212
Facsimile:  (213) 415-7299
sjonoobi@goldbergsegalla.com
adavani@goldbergsegalla.com

By: */s/  Sima Jonoobi*
　　　Sima Jonoobi, Esq. (CA Bar No. 199976)

Attorneys for
**CLAIMANT SUREFIRE LLC**

31

1    Dated:  September 19, 2025

**Goldberg Segalla**

2

3 777 Tower
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017

4 Telephone:  (213) 415-7212
Facsimile:  (213) 415-7299
sjonoobi@goldbergsegalla.com

5 adavani@goldbergsegalla.com

6

7 By: */s/ Sima Jonoobi*
     Sima Jonoobi, Esq. (CA Bar No. 199976)

8
Attorneys for

9 **CLAIMANT SURFIRE HOLDINGS LLC**

10

11 Dated:  September 19, 2025

**SCHUMANN AREVALO LLP**

12

13 30 Corporate Park, Suite 100
Irvine, CA 92606
Telephone: (714) 850-0210

14 Facsimile: (714) 850-0551
reid@scarlaw.us

15 schumann@scarlaw.us

16

17 By: */s/ David Reid*
     David Reid (CA Bar No. 195290)

18      Kimberly Schumann (CA Bar No. 170942)

19 Attorneys for
**CLAIMANT TENERGY**

20 **CORPORATION**

21

22

23

24

25

26

27

28

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE
CLERK'S ENTRY OF DEFAULT

Dated:  September 19, 2025

**MANNING GROSS + MASSENBURG LLP**

100 Pringle Avenue, Suite 750
Walnut Creek, California 94596
Telephone: (925) 947-1300
Facsimile:  (925) 947-1594
mglaspy@mgmlaw.com


By: */s/ Mary Kay Glaspy*
Mary Kay Glaspy (CA Bar No. 157167)

Attorneys for
**CLAIMANT ULTRALIFE CORPORATION**

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

# FILER'S ATTESTATION

The filing attorney attests that the filing attorney has obtained permission regarding the filing of this document from the signatories of this document. All parties have authorized the filing attorney to affix their electronic signatures to this document.

Dated:  September 19, 2025

**HUSCH BLACKWELL LLP**

355 S. Grand Avenue. Suite 2850
Los Angeles, California 90071
Telephone: 213.337.6550
Facsimile: 213.337.6551
brad.dejardin@huschblackwell.com
patricia.alberts@huschblackwell.com
paul.calfo@huschblackwell.com

By: */s/ Paul A. Calfo*
Paul A. Calfo (CA Bar No. 336916)
Bradford J. DeJardin (CA Bar No. 195764)
Patricia B. Alberts (CA Bar No. 229333)

Attorneys for
**CLAIMANT OLYMPUS
CORPORATION OF THE AMERICAS**

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for CLAIMANT OLYMPUS CORPORATION OF THE AMERICAS certifies that this brief contains 6,776 words, which complies with the word limit of L.R. 11-6.1.

Dated:  September 19, 2025

**HUSCH BLACKWELL LLP**

355 S. Grand Avenue. Suite 2850
Los Angeles, California 90071
Telephone: 213.337.6550
Facsimile: 213.337.6551
brad.dejardin@huschblackwell.com
patricia.alberts@huschblackwell.com
paul.calfo@huschblackwell.com


By: */s/ Paul A. Calfo*

Paul A. Calfo (CA Bar No. 336916)
Bradford J. DeJardin (CA Bar No. 195764)
Patricia B. Alberts (CA Bar No. 229333)

Attorneys for
**CLAIMANT OLYMPUS CORPORATION OF THE AMERICAS**

1

**Proof Of Service**

2

3    At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 355 S. Grand Avenue, Suite 2850, Los Angeles, California 90071.

4

5

6    On September 19, 2025, I served a true copy of the following document described

7    **CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

8

9    on the interested parties in this action as follows:

10    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

11

12

13    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

15    Executed on September 19, 2025, at Los Angeles, California.

16

17                                    /s/ Simone Stevens
                                    SIMONE STEVENS

18

19

20

21

22

23

24

25

26

27

28

CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

HUSCH BLACKWELL LLP
355 S. GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550